Harris *v.* Harris.

Judgment accordingly.

[Monroe General Term, June 2, 1862. *Welles, Smith* and *Johnson,* Justices.]

----

## HARRIS *vs.* HARRIS.

[This case is reported ante, p. 88. The following opinion, of one of the members of the court, not having been received in time to be printed in its proper place, is inserted here.]

Gould, J. It would seem that the point first to be passed upon by us is whether the decision and judgment, in the previous proceedings in this court, on the application of said Ephraim Harris and others for the probate of the will of

John Harris as a will lost or destroyed, are of such a nature that the existence or non-existence of a valid will of said John Harris is thereby *finally adjudicated*, as far as the parties to that proceeding are concerned. For if that point is so adjudicated as to be conclusive on these defendants, there is no occasion now to investigate the merits of the case. That proceeding was under the provisions of the revised statutes, (3 *R. S.*, *art. 3d, chap. 6, part 2d, 5th ed., p.* 153, §§ 86 *to* 90,) which authorize such a proceeding in this court, for the purpose of attaining the same general results, (as to recording by the surrogate, and his issuing thereon letters testamentary or of administration,) as to a lost will, as are attained by the ordinary probate of a will not lost, and the authority extends, as to wills of persons dying *before* the passage of that act, to allowing the court to be satisfied with and order probate upon such evidence as might sufficiently show the making, execution, contents and loss or destruction of the will; while as to will of persons dying *after* that act took effect, the precise tenor of the proof, and by *what evidence* a lost will could be established so as to admit it to probate, are prescribed. Yet sections 86 and 87, which cover the establishing of the will and the recording of it, apply to *both* classes of cases; that is, as well to those where common law evidence is sufficient, as to those which require the application of the strict provisions of section 90.

There would seem, construing all these sections together, no reason for saying that probate made before this court under those sections, has any power or effect, other than has the probate before a surrogate of a will not lost. And there is no pretense that the latter probate is, as to any interest in real estate, conclusive upon any party. If this be so—if the decision of this court *admitting* this will to probate as a lost will would not have been conclusive *in favor* of Ephraim Harris—there can surely be no pretense that a decision *refusing* to admit it to probate can be conclusive *against* him; especially when that refusal is accompanied by an express

finding that *in fact* there was such a will, duly executed, and valid at the testator's death, and that it had been destroyed after such death, fraudulently; and when the refusal is placed expressly and solely on the want of the *statute* evidence required for allowing the probate.

This conclusion leaves us at liberty to look into the merits of the case, and the several findings of the judge who tried the cause; and as those findings are very fully and clearly set forth by him, and there is abundant evidence to support his findings, it would here be superfluous to repeat either his reasoning or his findings, or the conclusions of law which are properly drawn from them.

As to the exceptions taken to the admission of some matters of evidence, there is abundant evidence to support the decision, without what was possibly objectionable; and when that is the case, there should be no reversal.

On the whole, the judgment of the circuit should be *affirmed*.