Maxwell, J.
The record presents but a single question for our determination. Does the lien of a judgment attach to a homestead?
In Hoyt v. Howe, 3 Wis., 758, the court held, “we think it clear, that if the lien attaches, and the effect of the statutes above recited is merely to exempt the homestead from forced sale, the property becomes subject to sale like any other property of the debtor: to hold the contrary would be to maintain that property, which is bound by, and subject toa judgment, and only exempted from sale to satisfy the judgment by means of its peculiar character, with the consent and act of the owner, is nevertheless, still exempted from sale.”
In Smith v. Brackett, 36 Barb., 574, it is held that “the exemption is a mere personal privilege, which the statute secures to the debtor, and his widow and children after his decease, which does not run with the land, and cannot be transferred to another with the land.”
In Folsom v. Carli, 5 Minn., 337, the court say: “The real estate in controversy at the time the judgment above spoken of was rendered and docketed, was occupied *502 by one of tbe judgment debtors as a homestead, and had been set off to him as such. It was afterwards conveyed to the plaintiff in this action, but before the levy and sale mentioned in the pleadings. It is now urged that because the property was a homestead, exempt from sale in the hands of his grantee, that the judgment was never a. lien upon it. We cannot adopt this view of the case. The statute in force at the time, made the judgment a lien from the time of docketing on all the real property of the judgment debtor in the county, owned by him, or afterwards acquired.”
In Iowa, under a statute providing that the owner may from time to time, at his pleasure, change the limits of his homestead by changing the metes and bounds as well as the record of the plat and description, or he may change the homestead entirely, the new homestead to the extent in value of the old to be exempt in all cases where the old or former would have been exempt, it was held that the lien of a judgment did not attach while the premises were used as a homestead. Lamb v. Shays, 14 Iowa, 570. Cummings v. Long, 16 Id., 12. There is also a provision in the laws of Iowa that the husband cannot mortgage the homestead, without the concurrence of the wife. Lamb v. Shays, 14 Iowa, 571.
Sec. 9, Art. 15, of the constitution of Kansas, provides that “ a homestead to the extent of one hundred and sixty acres of farming lands, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband cmd wife, when that relation exists, but uo property shall be exempt from sale for taxes or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon; provided the provisions *503 of this section shall not apply to any process of law obtained by virtue of a lien given by consent of both husband and wife.” Under this provision the supreme court of Kansas, in Morris v. Ward, 5 Kansas, 245, held that the lien of a judgment did not attach to the homestead.
The reasons assigned are that as the husband cannot create a specific lien on the homestead without the. consent of the wife, therefore no general lien can be created by the recovery of a judgment against him, that will attach to the homestead; and the same reasons are urged in Lamb v. Shays, supra. But there are no such restrictions in this state on the power of theliusband to incumber, or alienate the homestead. In Rector v. Rotton, 3 Neb., 176, this court held: “The legislature never intended by this statute to assume a guardianship over the owner of a homestead, and render him disqualified to make valid contracts respecting it. It imposes no restraint upon him whatever in this respect; even the wife when the title is in the husband has no power to prevent him making such disposition of it as he may think best.”
Sec. 468, of the code provides that “ the lands and tenements of the debtor, within the county where the judgment is entered, shall be bound for the satisfaction thereof, from the first day of the term at which judgment is rendered.”
Sec. 525, provides that “the homestead owned and occupied by any resident of this state, being the head of a family, shall not be subject to attachment, levy, or sale upon execution, or other process issuing out of any court in this state, so long as the same shall be owned and occupied by the .debtor as such homestead.”
In Rector v. Rotton, the court held: “the homestead act was passed for the purpose .of protecting the home of the family against a sale, without the consent of the owner. But the right tlius^guaranteed to the head of a *504 family is a purely personal one, which, he may- at any time waive, or renounce at his own pleasure. * * * "We have seen that the homestead shall be selected by the owner thereof \ and when a levy is made upon the lands and tenements of one whose homestead has not been selected by metes and bounds, he may notify the officer at the time of the levy of what he regards as his homestead. This of course requires affirmative action on his part; he cannot be permitted to lie idly by and permit a sale of his homestead to be made, and then come forward and lay claim to it as exempt.”
"We have no doubt under our statute that a judgment recovered in the district court becomes a lien on all the real estate, owned by the judgment debtor at the time, in the county in which the judgment is recovered. But no sale can be had of such portion as may be selected as a homestead by the judgment debtor, or his authorized agent, so long as the premises thus selected are owned and occupied for that purpose.
In this case it is clearly shown that "Wilcox had abandoned the premises in question, before the decree of foreclosure was obtained. He interposes no claim for a homestead on the premises in question, and the plaintiff cannot do so for him. The judgment of the district court is affirmed.
Judgment affirmed.