GEORGE P. EATON, AND FREDERICK FUNKE, PLAINTIFFS IN ERROR, v. CATHARINE RYAN, DEFENDANT IN ERROR.

1. **Homestead.** The judgment of a probate court becomes a lien upon the homestead of the debtor by filing a transcript in the office of the clerk of the district court, and entering the same upon the judgment record.

2. ———. But such lien cannot be enforced by execution while the homestead is *owned* and *occupied* by the judgment debtor.

3. ———. A sale of such homestead by the debtor is a relinquishment of the protection afforded by the homestead act, and renders the lien capable of immediate enforcement by execution.

4. ———: SALE OF, UPON EXECUTION A homestead although composed of different parcels taken from distinct lots, but adjoining each other, may be sold as one tract.

ERROR to the district court for Lancaster county, argued upon the following stipulation of facts:

On the eleventh day of December, 1874, the defendant in error recovered a judgment, in the probate court in Lancaster county, for the sum of two hundred and sixty-one dollars and thirty-five cents, against Eaton and others. On the eighth day of December, 1874, the defendant in error caused a transcript of the judgment to be filed in the office of the clerk of the district court of said county. At the date of the filing of this transcript Eaton was the owner of two feet off the east side of lot ten, and twenty feet off the west side of lot eleven, in block one hundred and twenty-one, in the city of Lincoln, in said county, and was at said time occupying said premises as a homestead. On the fifth day of January, 1875, Eaton while occupying said premises as a homestead, sold said premises for full value, to the said Funke and continued to occupy until Funke moved in.

On the twentieth day of March, 1875, the defendant

in error caused an execution to be issued and the premises above described were sold by the sheriff.

The sheriff's return does not show that the two pieces of property were appraised and sold separately. It is also agreed that the premises sold were appraised and advertised and sold for two-thirds their appraised value.

Defendant in error filed a motion for confirmation of sale and Funke filed exceptions showing the above facts. Sale was confirmed and Funke and Eaton excepted.

*Mason & Whedon*, for plaintiffs in error, cited *Green v. Marks*, 25 Ill., 221. *McDonald v. Crandall*, 43 Ill., 231. *Lamb v. Shays*, 14 Iowa, 567. *Cummins v. Long*, 16 Iowa, 41. *Morris v. Ward*, 5 Kan., 239. *Ackley v. Chamberlain*, 16 Cal., 181. *Laughlin v. Schuyler*, 1 Neb., 409.

*Brown, England & Brown*, for defendant in error, cited *State Bank v. Carson*, 4 Neb., 498. *Hoyt v. Howe*, 3 Wis., 752. General Statutes, 616. *Kiser v. Ruddick*, 8 Blackf., 382. *Wright v. Yetts*, 30 Ind., 185. *Lessee of Stall v. Macalester*, 9 Ohio, 19. *Reed v. Diven*, 7 Ind., 189. *Tillman v. Jackson*, 1 Minn., 183.

LAKE, CH. J.

I. Upon the filing of the transcript of the judgment rendered by the probate court, in the office of the clerk of the district court, and its entry upon the judgment record, it became a lien upon the premises in question, notwithstanding they were then occupied by the judgment debtor as his homestead. A judgment so entered has precisely the same effect, and creates the same lien upon the real estate of the judgment debtor, as a judgment of the district court would have. General Statutes, 267, section 18. But this lien could not have been enforced by a sale of the premises under execution, so

long as they were "*owned and occupied by the debtor*" as his homestead. *State Bank v. Carson*, 4 Neb., 498.

When, however, on the fifth day of January, 1875, Eaton sold and conveyed the premises to Funke he thereby voluntarily relinquished the protection afforded him by the homestead act, and rendered the lien of the judgment capable of immediate enforcement by execution. *Hoyt v. Howe*, 3 Wis., 752.

II. As to the remaining objection taken to the confirmation of this sale, but little need be said. The fact that the tract of land as sold in one body was composed of what was formerly distinct parts of separate city lots, is of no consequence, nor does it bring the case within the rule laid down in *Laughlin v. Schuyler*, 1 Neb., 409, where it was held that two city lots, entirely distinct from each other, should be appraised and sold separately.

It appears from the stipulation of facts in this case that when the judgment became a lien upon these premises the two parcels taken together constituted the homestead of the judgment debtor, and were occupied and used by him as such. The premises, therefore, were a single piece of ground, although taken from different lots, and were properly sold as one tract. Indeed, under the circumstances, the sheriff would not have been justified in selling the two feet separately.

The order of the district court confirming the sale must be

AFFIRMED.