WILLIAM McHUGH, APPELLANT, v. JOHN A. SMILEY ET AL., APPELLANTS, AND ELLEN P. FORBES ET AL., APPELLEES.

1. **Mortgage**: LIEN.   A mortgage of real estate merely creates a lien thereon as security for the debt, and is not a conveyance as at common law.

2. **Homestead.**   The homestead law in force when a contract was entered into is the law applicable to such contract.

3. ———: SALE UNDER ACT OF 1867.   Under the homestead law of 1867 the homestead of a debtor is not liable to sale upon attachment or execution so long as it is owned and occupied by the debtor.   A judgment rendered in a court of record in the county where the homestead is situated will be a lien upon such homestead, which will become operative upon the sale or abandonment of the homestead by the debtor.

4. ———: ———: CONFIRMATION OF SALE.   The *ex parte* confirmation of the sale upon execution of a part of the homestead is not such an adjudication as will deprive a party who actually owns and occupies the same of his right of homestead.

5. ———: ———: CASE STATED.   On the facts presented by the record, *Held,* That there had been no sale and abandonment of the homestead, and sheriff's deeds for portions of the same were annulled, the sales set aside, and the lien of the judgments re-instated.

APPEAL from Douglas county.   Heard below before NEVILLE, J.

*George M. O'Brien,* for appellants.

*H. D. Estabrook, George W. Doane,* and *James W. Savage,* for appellees.

MAXWELL, J.

The principal question involved in this case is, whether or not John A. Smiley had sold and abandoned his homestead and thereby rendered operative certain judgment

liens existing against the same. There are also several minor questions which will be considered in their order. The court below found that Smiley had abandoned his homestead, and rendered judgment accordingly. McHugh and the Smileys appeal.

It appears from the record that John A. Smiley in the year 1872, and from thence continuously until the 22d of October, 1877, was the owner of the west half of the southeast quarter of section three, in township fifteen north, range thirteen east, in Douglas county, which during all that time was occupied as a homestead, and is now claimed as such.

In 1872 Alfred Burley and James H. Barlow recovered a judgment against Smiley for the sum of $294.83 and costs.

In October, 1874, the Omaha National Bank recovered a judgment against Smiley for the sum of $1,247.00.

In 1874 a judgment was rendered in the county court of Douglas county in favor of Littleton Waldron and against John A. Smiley for the sum of $300, a transcript of which was duly filed in the district court.

In October, 1877, Smiley and wife executed a quit-claim deed of said premises to the plaintff. The consideration named in said deed is the sum of $1,873.38.

The plaintiff, in 1879, also purchased the interest of one Bryant, acquired by tax deed of said premises, the alleged consideration being the sum of $1,940.00. He also paid other debts which need not be referred to. The Smileys continued to occupy the land in controversy after the execution of the deed, but the judgment creditors named, alleging that they considered the execution of the deed to McHugh as a sale and abandonment of the homestead by Smiley and wife, caused executions to be issued on their judgments and levied upon portions of said real estate. Sales took place under the several levies, which were thereafter without actual notice confirmed by the court and

deeds executed, the entire proceedings being *ex parte*. Afterwards a bond of defeasance from McHugh to the wife of Smiley was duly recorded.

In July, 1881, the plaintiff filed his petition in the district court of Douglas county to foreclose the alleged mortgage. Smiley and wife and the purchasers under the execution sales were made defendants. Issues were joined, and on the trial of the cause the court found "that the deed in the amended petition mentioned and described, executed by the said defendants, John M. Smiley and Anna M. J. Smiley, to the said plaintiff, of the eighty acres of land in said amended petition described, was given as security for the repayment of money to be advanced by the said plaintiff for the benefit of the said defendants, John A. Smiley and Anna M. J. Smiley, and that said deed was intended by the parties thereto to have the effect of a mortgage only, and the court therefore finds that the said deed was a mortgage only, and so intended by the parties; and that said plaintiff is entitled to an account of the amount due him from the said John A. Smiley and Anna M. J. Smiley, for and on account of the said moneys so advanced and paid out by him to them and for their benefit. And the court further finds that there is due to the said plaintiff from the said John A. Smiley and Anna M. J. Smiley, on account of said advances, including interest thereon up to the first day of this term of the court, the sum of $8,045.00, to all of which findings the said defendants, Alfred Burley, Ellen P. Forbes, and James F. Morton, by their attorneys, respectively except."

The court then found in favor of Forbes, Burley, and Morton, and sustained their titles and rendered a decree of foreclosure. Neither of these parties appeal. This court, therefore, without considering the character of the deed from Smiley and wife to the plaintiff, will accept as conclusive in this case the finding of the court as above indicated, that the deed from Smiley and wife to McHugh was a mortgage.

It is claimed on behalf of the execution purchasers that a mortgage is a conveyance. In some of the states it is so held, but the common law rule has never prevailed in this state, it being held that a mortgage is a mere security creating a lien upon the mortgaged property, but conferring no title and vesting no estate. *Kyger v. Ryley*, 2 Neb., 28. *Webb v. Hoselton*, 4 Id., 318. *Tootle v. White*, 4 Id., 403. *Hurley v. Estes*, 6 Id., 386. *Gregory v Hartley*, 6 Id., 362. *Simmons Hardware Co. v. Brokaw*, 7 Id., 405. *Buell v. Farwell*, 8 Id., 224. *Merriman v. Hyde*, 9 Id., 113. *Union Mutual Ins. Co. v. Lovitt*, 10 Id., 301. *Davidson v. Cox*, 11 Neb., 250. *Blanchard v. Jamison*, 14 Id., 246. *Forgy v. Merriman*, Id., 513. A mortgage in this state, therefore, is not a conveyance, and as it is not claimed that Smiley and wife removed from the land there was no abandonment. The homestead law in force when the contracts were made with the judgment creditors is the law to be applied in this case. *Dorrington v. Myers*, 11 Neb., 388. But as the date of the contracts does not appear, the law as it existed at the time the judgments were recovered will be applied.

Section 525 of the code as it existed at that time was as follows: "A homestead consisting of any quantity of land not exceeding one hundred and sixty acres, and the dwelling-house thereon, and its appurtenances, to be selected by the owner thereof, and not included in any incorporated city or village, or instead thereof, at the option of the owner, a quantity of contiguous land not exceeding two lots, being within an incorporated town, city, or village, and according to the recorded plat of such incorporated town, city, or village; or in lieu of the above, a lot or parcel of contiguous land not exceeding twenty acres, being within the limits of an incorporated town, city, or village, the said parcel or lot of land not being laid off into streets, blocks, and lots, owned and occupied by any resident of the state, being the head of a family, *shall not be subject to attach-*

*ment, levy, or sale upon execution,* or other process issuing
out of any court in this state so long as the same shall be
owned and occupied by the debtor as such homestead."

The law as it then existed withdrew the homestead from
sale while it was owned and occupied by the debtor, by de-
claring that it was not liable to levy and sale upon attach-
ment or execution.   This court in construing this law fol-
lowed the early decisions in Wisconsin and Minnesota
under similar statutes, and held that where judgment was
recovered against the debtor in a court of record in the
county in which his homestead was situated, it became a
lien upon the homestead that remained inoperative so long
as the homestead was owned and occupied by the debtor as
such.   *Hoyt v. Howe,* 3 Wis., 752.   *Folsom v. Carli,* 5
Minn., 337.   *State Bank v. Carson,* 4 Neb., 498.   *Eaton*
*v. Ryan,* 5 Neb., 47.

In the case last cited it is said, "A judgment so entered
has precisely the same effect, and creates the same lien
upon the real estate of the judgment debtor as a judgment
of the district court would have."   General Statutes, 267,
§ 18.   But this lien could not have been enforced by
a sale of the premises under execution so long as they
were owned and occupied by the debtor as his homestead.

In our view the premises in question were owned and
occupied by Smiley and his family, and were not subject
to levy and sale under the executions.   But it is said that
the confirmation of the sale cures all defects in the pro-
ceedings, and operates as an adjudication upon the home-
stead right, and *Rector v. Rotton,* 3 Neb., 171, is cited in
support of this view.

That was an action to foreclose a mortgage on the home-
stead, and the court properly held that the provisions of
section 516 of the code did not apply to a sale of the
homestead under a decree of foreclosure.   The decision
is placed upon the ground that in the foreclosure of the
mortgage the court merely enforces the contract of the

owner of the premises. It was held, too, that any matter of defense existing before judgment must be set up in the answer and could not be pleaded after the decree was rendered. We adhere to that decision, but it has no application to a sale upon execution. In an action to foreclose a mortgage the object of the action is to ascertain the amount due, and obtain an order for the sale of the mortgaged premises. From the nature of the defenses which would defeat a decree directing a sale of property, they must be made before the decree is rendered; but no such rule applies where a judgment is recovered which must be satisfied out of such property of the debtor as can be levied upon. In such case, in *ex parte* proceedings at least, there is no opportunity to make a defense as in actions to foreclose. The lien of a judgment is subject to all prior liens either legal or equitable. *Metz v. State Bank*, 7 Neb., 165. *Galway v. Malchow*, Id., 285. *Mansfield v. Gregory*, 11 Neb., 297. *Leonard v. White Cloud Ferry Co.*, Id., 338. *Uhl v. May*, 5 Neb., 157. *Dorsey v. Hall*, 7 Neb., 460. If the homestead was claimed by the party in possession before the sale was confirmed, and decided adversely to him, such adjudication probably would be conclusive upon him as a final determination. But if the proceeding is *ex parte* the party claiming the homestead cannot be deprived of the same without a hearing. As there was no notice given to either Smiley or wife, and no appearance by them, the sale and confirmation thereof did not affect the homestead right of Smiley. As the entire tract possessed by him was less than 160 acres no selection was necessary on his part to entitle him to the premises as a homestead. It follows that the decree, so far as it declared the sales under the executions in question valid, and that the title passed thereby, must be reversed and set aside and wholly annulled. And in order that complete justice may be done as far as possible between the parties, the sheriff's deeds under the execution sales are hereby canceled, the

40

sales under the executions set aside, and the liens of the judgments are re-instated against said real estate. Should a sale of the property take place under the decree of foreclosure, and the title of Smiley be divested, such liens would then become operative to be enforced against said premises. Judgment will be entered in this court in conformity to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.