STATE OF NEBRASKA, EX REL. WILLIAM CRAIG,
PLAINTIFF, v. SCHOOL DISTRICT NUMBER TWO,
PHELPS COUNTY, ET AL., DEFENDANTS.

Mandamus: DORMANT JUDGMENT. Where, in an application for
mandamus to compel the board of directors of a school district
to report to the county board the amount of taxes necessary to
be levied and collected for the payment of a judgment against
the district, an answer is presented alleging as defenses, *First*,
That the court rendering the judgment had no jurisdiction over
the defendant; *Second*, That the judgment was obtained by

fraud; and *Third*, That the judgment is dormant; and it appearing that the judgment had been rendered more than five years prior to the commencement of the proceedings for the writ of mandamus, and is dormant, and that in a proceeding to revive the judgment the question of the want of jurisdiction can and should be there litigated, the application for a mandamus was dismissed without prejudice, in order that proceedings to revive the judgment might be first had.

ORIGINAL application for mandamus.

*Harwood, Ames & Kelly*, for relator.

*Rhea & Rhea* and *Heiskell & Scott*, for respondents.

REESE, CH. J.

This is an action for a peremptory writ of mandamus, to be directed to school district number two of Phelps county, and to the proper officers thereof, commanding them to report, in writing, to the county board the amount of taxes necessary to be levied and collected to pay a judgment rendered by the county court, on the 1st day of June, 1880, in favor of the relator, and against the defendant school district.

Three defenses are presented by the answer: *First*, It is alleged that the county court had not jurisdiction to render the judgment, for the reason that no summons was ever served upon the defendant, or its proper officers, nor did the defendant waive process or service thereof, nor did it appear in said action, by or through its legal representatives, nor by the officers of the school district, nor by an attorney, and that the judgment was, therefore, void. It is also denied that any demand had been made upon the officers of the school district that they make the desired report to the county board.

The second defense is to the effect that the judgment set forth and alleged in the plaintiff's petition was obtained

by fraud, and without the knowledge or consent of the officers of the district at the time it was rendered, or of any person representing it; that no notice was given to the district or its officers of the pendency of the suit, or that there was any indebtedness or demand against the district.

*Third*, It is alleged that the judgment is dormant, and is barred by the statute of limitation, and that no proceedings have been had at any time to revive said dormant judgment.

Considerable testimony has been taken by defendant in support of the first defense presented by the answer; but, as we view the case, it is not necessary to discuss, nor will we decide, the question thus presented.

By the statute of this state a judgment becomes dormant at the end of five years after its rendition, if no execution is issued, or, if execution be issued, at the end of five years after the issuance of the last execution, and until revived no steps can be legally taken for its enforcement.  Section 482 of the civil code.

It has become temporarily inoperative, so far as the right to issue an execution is concerned, and will so continue until something is done by which the right to enforce it is revived.  Freeman on Judgments, section 442.

It is true that it is not sought in this proceeding to issue execution, but it is an equivalent thereof.  The effort being made to enforce it by the command of the writ compelling the levy of taxes, is the only method, perhaps, for enforcing judgments against municipal corporations, or corporations possessing the powers of a school district.  The method of enforcing judgments against such corporations being, in that respect, different from the method of enforcing them against individuals or corporations other than municipal corporations.  Article 6 of chapter 77, Compiled Statutes of 1887.

It is recited in the judgment that it is rendered upon the

" answer confessing judgment, and asking that the judgment be rendered against said school district number two, of Phelps county, Nebraska." It is now contended by the defendant that no such answer was filed, and that no appearance was made by the district, and there having been no summons, the judgment was void, and therefore no judgment. This question can be, and should be, decided upon proceedings for revivor. *Weber v. Detwiller* (Pa.), 8 Atlantic Reporter, 910.

A writ of mandamus can only issue to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station. Section 645, civil code.

The judgment having become dormant, and no effort having been made to enforce it since its rendition, it cannot be said that the law especially enjoins upon the present board the duty of reporting the same to the county board for payment by taxation.

It is suggested by counsel for relator that, if it should be deemed necessary to revive the judgment before a writ can issue, that the writ ought not to be denied, but that the proceeding in this court should be stayed until the judgment can be revived. But little, if anything, could be gained by such action, as, if revived, the defenses presented by the answer could not be presented successfully in a second proceeding, and perhaps such proceeding will not be necessary. The application will therefore be dismissed without prejudice to another action, in case the judgment should be revived.

JUDGMENT ACCORDINGLY.

THE other judges concur.