28  189
54  219

ELIZABETH GALLIGHER V. JOHN A. SMILEY.

[FILED DECEMBER 17, 1889.]

1. **Homestead.** " The homestead law in force when a contract was entered into is the law applicable to such contract." (*McHugh v. Smiley*, 17 Neb., 620.)

2. ———: LEGISLATURE CANNOT DIMINISH VESTED RIGHT. Under the homestead law of 1867, the homestead of a debtor is not liable to a sale upon attachment or execution, so long as it is owned and occupied as a homestead by the debtor. While a judgment will continue to be a lien upon it, which will become operative upon sale, or abandonment, yet it is not within the power of the legislature, by subsequent enactments, to diminish the right conferred by that law and acquired (as against the debts then in existence) by residence and occupation.

3. ———: WHAT CONSTITUTES. In its inception, the substance of a homestead is a parcel of land on which the family resides. It is constituted by residence and selection according to law. Where these things exist, the homestead becomes a right in the premises, exempted by law from forced sale.

4. ———: CASE STATED. S. was the owner of a homestead of about eighty acres situated near the city of O., upon which he resided with his family and which under the homestead law of 1867 was exempt from sale for the satisfaction of judgments rendered upon indebtedness contracted prior to the repeal of said law. By a subsequent act of the legislature the city of O. was authorized to extend its boundaries, which it did, and which, when so extended, included the land of S., but to which he did not consent. It was *held*, that by bringing the property within the corporate limits of the city the homestead exemption was not diminished.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Gregory, Day & Day,* for plaintiff in error, cited: *De Witt v. Sewing Machine Co.,* 17 Neb., 533; *Turner v. Althaus,* 6 Id., 54; *Horbach v. Miller,* 4 Id., 32; *Bull v. Conroe,* 13 Wis., 233; *Weeks v. Milwaukee,* 10 Wis.,

242; *Sarahas v. Fenton*, 5 Kan., 593. The holding in *Dorrington v. Myers*, 11 Neb., 388, that the homestead is a vested right, is probably to be interpreted as meaning that the right is alienable only by sale or abandonment. *Barber v. Rorabeck*, 36 Mich., 399, is not well considered, and in both Michigan and Texas the homestead right is recognized in the constitution.

*Savage, Morris & Davis, contra,* cited: *Dorrington v. Myers*, 11 Neb., 388; *De Witt v. Sewing Machine Co.*, 17 Id., 533; *McHugh v. Smiley*, Id., 620; *Bassett v. Messner*, 30 Tex., 604; *Nolan v. Reed*, 38 Id., 425; *Barber v. Rorabeck*, 36 Mich., 399; *Ham v. Bank*, 62 Cal., 125. *Sarahas v. Fenton*, 5 Kan., 593, is not in point.

REESE, CH. J.

This was a proceeding in aid of execution.

Plaintiff in error filed her petition in the district court in which she alleged in substance that she was the owner of certain judgments which had been rendered by the district court of Douglas county against defendants in error, to-wit: one in favor of the Omaha National Bank for $1,225.52, rendered at the October term, 1874; one in favor of John McCormick & Co., for $429.94, and one for $207.35 in favor of Joseph Sheeley and others, rendered at the March term, 1872; that said judgments had been revived and were in full force as liens against the lands of defendant; that upon the 18th day of July, 1887, execution was issued and levied upon the west half of the southeast quarter of section 3, township 15, range 13 east, in the said county, and which land was claimed as a homestead by defendant, but it was alleged that said premises consisted of more than seventy acres of land after deducting the portion thereof which had from time to time been appropriated by the several railroads crossing over it as right of way; that it was all under improvements, with

dwellings and other houses and buildings located thereon, that it was within the corporate limits of the city of Omaha, and of more than $200,000 value, and exceeded in quantity by at least fifty acres what defendant had a right to hold as a homestead by virtue of any law at any time enacted under which said homestead could have been acquired.

The prayer of the petition was for an order setting off to defendant his homestead of not to exceed twenty acres in quantity, that the same be admeasured as the law directs, and the remainder declared subject to sale for the satisfaction of the judgments.

Defendant in error answered admitting the rendition of the judgments, but alleging that the lands described in the petition had been owned by him for thirty years and that it had been occupied by him as a dwelling and homestead for himself and family during that time—he being the head of a family; that it did not exceed seventy acres, and until about the 1st day of May, 1887, was not included in any incorporated city, town, or village, when it was included within the corporate limits of the city of Omaha without his consent; that at the time the indebtedness was incurred and the judgment rendered—which was subsequent to the passage of the act approved June 22, 1867, relating to homesteads—the land was exempt from execution by reason of its homestead character. It was also alleged that the question presented had been adjudicated in the district and supreme courts of the state in the case of *McHugh v. Smiley.* The latter allegation was denied by the reply.

A trial was had to the court, which resulted in the following findings:

"This cause having been heard and submitted upon the issue joined and the proofs and arguments of counsel, the court finds the facts of the case to be as follows:

"1. Each of the judgments mentioned in plaintiff's pe-

tition were duly rendered as herein alleged against the defendant. That said judgments have been revived and are now in full force against the defendant.

"2. That said judgments have been duly assigned of record to the plaintiff.

"3. That executions were duly issued and levied upon the west half of the southeast quarter of section 3, township 15, range 13 east of the 6th P. M., substantially as alleged in plaintiff's petition. That said tract of land embraced at least seventy acres.

"4. That said land has been owned by the defendant about thirty years, and during all of said time the defendant has lived, and now lives, thereon with his family as a dwelling place and homestead ; that during all of said time defendant has been (and now is) the head of a family and a resident and citizen of the territory and state of Nebraska.

"5. That until about the first day of May, 1887, said land was not included within the limits of any incorporated town, city, or village. That about the 1st day of May, 1887, the incorporated limits of the city of Omaha were by its city council extended under the act relating to metropolitan cities, approved March 30, 1887, and such extended limits embraced the land of defendant and was so included within the limits of said city at the time of the levy of the execution in the petition mentioned. That said extension was made without the consent of the defendant. That said land is of the value of the sum of two hundred thousand dollars.

"6. That the indebtedness for which said judgments were rendered was contracted subsequent to the passage of the act, approved June 22, 1867, relating to homesteads.

"The court finds, as conclusions of law :

"1. That at the time said indebtedness was contracted, and at the time said judgments were rendered, the said land was exempt from sale on execution on said judgments by reason of the defendant's homestead rights in said land.

" 2. That at the time said indebtedness was contracted and said judgments were rendered there was no law by which said land could be brought within the limits of any incorporated town, city, or village, without the consent of the defendant.

" 3. That the homestead rights of the defendant, so far as concerns the judgments in question, are to be governed by the law in force at the time the indebtedness was contracted.

" 4. That the passage of the act approved March 30, 1887, and the extension of the city limits thereunder, did not affect the homestead exemption of the defendant so far as concerns these judgments, nor subject said land to sale under said judgment executions, so long as the defendant continues in the occupancy of said land as a homestead.

" Wherefore the court doth order that the petition of the plaintiff be dismissed."

A motion for a new trial was filed, alleging in substance that the court erred in its conclusions of law. The motion was overruled. The case is brought to this court by proceedings in error.

The debts were contracted, and the homestead interest of defendant was acquired, under the homestead law of 1867, which was as follows :

"A homestead consisting of any quantity of land not exceeding one hundred and sixty acres, and the dwelling house thereon and its appurtenances, to be selected by the owner thereof, and not included in any incorporated city or village, or, instead thereof, at the option of the owner, a quantity of contiguous land not exceeding two lots, being within an incorporated town, city, or village, and according to the recorded plat of such incorporated town, city, or village, or in lieu of the above a lot or parcel of contiguous land not exceeding twenty acres, being within the limits of an incorporated town, city, or village, the said parcel or lot of land not being laid off into streets, blocks, and lots,

13

owned and occupied by any resident of the state, being the head of a family, shall not be subject to attachment, levy, or sale upon execution or other process, issuing out of any court in the state, so long as the same shall be owned and occupied by the debtor as such homestead.  This section shall be deemed and construed to exempt such homestead, in the manner aforesaid, as well after as before the death of the debtor, and in the event of the death of the debtor, the estate in such homestead shall descend to and be vested in his heirs at law or legatees, free and divested from all claims of any creditors thereto."

It is contended by the plaintiff that the bringing of the land in question within the corporate limits of the city of Omaha operated to diminish the area of the homestead to the limits prescribed by the law—twenty acres.

As appears by the section above quoted (the law in force at the time the indebtedness was incurred), the whole of the tract of land involved was exempt from forced sale on execution or other process.  This remained the law of the contract (*Dorrington v. Myers,* 11 Neb., 389), and by the occupation of the property, "he became vested, so to speak, of a homestead estate therein, which was alienable only by sale or abandonment."  (Id., 391.)

The homestead right, while perhaps not a new estate lying in grant, or transferable by conveyance under the law, as it existed at the time of its inception, in this case partook of an interest or right in the home, indeterminate in its duration, which might continue during the lives of defendant and his wife, and perhaps the minority of their children.  While the right itself could not be bought or sold, yet it was so far vested in defendant as to be beyond the reach of the legislature by a repeal of the law creating it.  (Smyth on Homesteads, secs. 69 and 70.)  In its inception a homestead is a parcel of land on which the family resides, and which is to them a home.  It is constituted by the two acts of selection and residence, in compliance

with the terms of the law conferring it.   When these things exist *bona fide*, the essential elements of the homestead right exist, of which the persons entitled to it cannot be divested by acts or influences beyond their volition.

At the time this homestead right was acquired, by a compliance with the provisions of the law, the whole of the tract now in dispute was exempt from sale so long as its occupancy continued.   While the judgments were liens, for the payment of which (if not allowed to become dormant) the property was pledged, yet the homestead character could not be molested for the purpose of enforcing their payment.   By the existence of the homestead right, the power of the judgment creditors to appropriate the property to the payment of their judgments was held in abeyance during the continuance of the right.   The right could not be diminished by law without the consent of defendants. (*McHugh v. Smiley*, 17 Neb., 620; *Same v. Same*, Id., 626; *DeWitt v. Sewing Machine Co.*, Id., 533.)   For twenty years perhaps, and during the whole time of the existence of the indebtedness, the right could not be questioned.   The land was included within the corporate limits of the city by law, and without the consent or procurement of defendant.   His rights could not be diminished thereby. (*Bassett v. Mesner*, 30 Tex., 604; *Nolan v. Reed*, 38 Id., 425; *Barber v. Rorabeck*, 26 Mich., 399; *Ham v. Bank*, 62 Cal., 125.)

It is not believed that the fact, that, in some of the states referred to, constitutional provisions direct the legislature to provide suitable homestead laws, can enter into this discussion so as to be of any practical utility.   The right must depend upon statutory enactments creating it, and to these enactments the courts must look.   The constitutional provisions are directory for the guidance of the legislature.

While it is true that in view of the great value of the property now in dispute, the application of sound moral and business principles, by defendant, would require the

payment of the debts against it, yet if he prefers to hold the property and allow the judgments to remain and accumulate interest and finally sweep the whole from his heirs or legatees, we know of no legal objection to his pursuing that course.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.