Z. SWARTZ, APPELLANT, V. SARAH F. MCCLELLAND,
APPELLEE.

[FILED MARCH 31, 1891.]

1. **Fraudulent Conveyances:** HUSBAND AND WIFE. One
M. and wife, in June, 1881, removed to W., in this state, the
wife being possessed of about $4,000 in money which she per-
mitted her husband to deposit in a bank in his own name and
check out at pleasure. M. thereupon proceeded to purchase
certain lots, took a deed therefor in his own name and erected
thereon a large frame building having two store-rooms on the
ground floor and tenement apartments on the second floor, some
of which were occupied by M. and wife. In May, 1882, one S.
loaned M. $500 on a promise to return the same in a few days.
In October or November afterwards, M. and wife conveyed the
property in question, without consideration, to the mother of the
wife of M., who afterwards conveyed to said wife, who now
claims to own the same and as a homestead. S. reduced his
claim to judgment, and an execution thereon having been
returned unsatisfied, a creditor's bill was filed to subject the
property in question. *Held,* That the equity of the creditor was
superior to that of the wife.

2. ———: HOMESTEAD. As the testimony showed that the property
was occupied as a homestead when the debt was contracted and
still is so occupied, that only the excess of $2,000 will be applied
on the judgment.

APPEAL from the district court for Gage county. Heard
below before BROADY, J.

*A. D. McCandless,* for appellant, cited: *Aultman v.
Obermeyer,* 6 Neb., 260; *Wake v. Griffin,* 9 Id., 52; *Roy
v. McPherson,* 11 Id., 197; *First Nat. Bank v. Bartlett,* 8
Id., 319; *Lipscomb v. Lyon,* 19 Id., 515; *Koch v. Rhodes,*
10 Id., 447; *Edgerly v. Gregory,* 17 Id., 348; *Thompson
v. Loenig,* 13 Id., 387; *Seitz v. Mitchell,* 4 Otto [U. S.],
583; *Briggs v. Mitchell,* 60 Barb., 288–317; *Bessan v.
Eveland,* 26 N. J. Eq., 468; *Glidden v. Taylor,* 16 Ohio St.,
509; *Glover v. Alcott,* 11 Mich., 470; *Kelly v. Drew,* 12

Allen, 107; *Humes v. Schruggs*, 94 U. S., 22–28; *Fox v. Moyer*, 54 N. Y., 125; *Dunn v. Sargent*, 101 Mass., 336; *Canton v. Rideout*, 1 McN. & G. [Eng.], 599; *Gardner v. Gardner*, 1 Giffard, 126; *Hildreth v. Sands*, 2 Johns. Ch., 35–48; *Bank of U. S. v. Housman*, 6 Paige Ch., 526; *Coates v. Gerlach*, 44 Penn. St., 43; *Hood v. Brown*, 2 Ohio, 267; *Bank v. Gourdin*, Speers Ch., 437; Bump, Fraud. Conv., 82; *Savage v. Murphy*, 34 N. Y., 508; *Case v. Phelps*, 39 Id., 164.

*Winter & Kauffman*, and *Hazlett & Bates, contra*, cited, contending also that many of appellant's citations sustained their position: *Van Deuzer v. Peacock*, 11 Neb., 245.

PER CURIAM.

This is a creditor's bill brought by the plaintiff against the defendant to subject lots 1 and 2, in block 32, in Wymore, to the payment of the plaintiff's judgment. The court below found the issues in favor of the defendant and dismissed the action.

The record shows that in June or July, 1881, Wm. H. McClelland and the defendant, his wife, removed to Wymore; that the defendant then had about $4,000 in money which she either gave to her husband or permitted him to use as his own. He did use the money as his own; placed it in a bank at Wymore, and checked it out at pleasure. Soon after they removed to Wymore he purchased the lots in question and took the deeds therefor in his own name. He thereupon, with the consent of his wife, erected a frame business house on the lots in question. This building contains two store-rooms on the ground floor and a number of tenant apartments in the second story. McClelland and his wife seem to have lived in this building, and she now claims the same as a homestead, and the proof seems to sustain that claim.

In May, 1882, McClelland, who had been doing business on the money furnished him by his wife, was apparently in a prosperous condition and his credit seems to have been good.

In May, 1882, the plaintiff loaned W. H. McClelland $500 for a few days. As the money was obtained on a promise to repay it shortly no note or other evidence of indebtedness was taken, but the days passed into weeks and the weeks into months and the money was not returned. The plaintiff, however, does not seem to have been uneasy as McClelland seemed to possess an abundance of property to pay his debts. Therefore he took McClelland's unsecured note for the debt. This note was afterwards reduced to judgment, and an execution having been returned unsatisfied this action was brought.

The testimony tends to show that in the fall of 1882 McClelland and his wife conveyed the property in question to the mother of Mrs. McClelland, and that afterwards the mother conveyed the property to Mrs. McClelland, and she now claims to be the owner under this deed.

It is claimed that there was no intention to defraud creditors of W. H. McClelland in making these transfers, and it is probable that such was the case. The effect, however, was to prevent creditors being paid their just demands, and the transaction is therefore fraudulent in law as to such creditors who had trusted McClelland on the faith that he was the owner of the property.

The right of a wife to enjoy her separate estate is unquestioned. She may do business in her own name and contract debts in relation to such business in the same manner as if she was unmarried. She cannot, however, place her money in the hands of her husband and authorize him to do with it as he pleases and contract debts on the faith that he is the owner of the money, and then claim as a preferred creditor. Such a rule, if sanctioned, would be fraught with injustice. Honesty and fair dealing require

that where the wife permits her husband to use her money or property as his own, incur obligations upon the faith that the property belongs to him, that as against such creditors their rights are superior to hers.

This rule has been constantly applied by this court. (*Roy v. McPherson*, 11 Neb., 197; *Early v. Wilson, ante,* p. 458.)

This rule is particularly applicable in this case, as the proof shows that the wife was well aware that the husband had failed in business more than once before they removed to Wymore. The property seems to exceed in value the sum of $2,000, and the excess therefore must be applied to the plaintiff's claim.

The judgment of the district court is reversed, and a decree will be entered in this court in conformity to this opinion.

DECREE ACCORDINGLY.

THE other judges concur.