Horbach v. Smiley.

PAUL W. HORBACH, APPELLEE, V. JOHN A. SMILEY ET AL., APPELLEES, AND H. BRASH ET AL., APPELLANTS.

FILED MARCH 17, 1898.  No. 7820.

1. **Dormant Judgment: LIEN.** A dormant judgment is not a lien upon the lands of the judgment debtor.

2. **Revived Judgment: LIEN.** A judgment revived is a lien from the date of the order of revivor.

3. **Judgments: HOMESTEAD.** The homestead law in force when the debt was created is applicable to proceedings to enforce the judgment rendered thereon.

4. ———: ———. Under the homestead law of 1867 a judgment is a lien on the homestead, but such lien cannot be enforced by execution so long as the premises are owned and occupied by the judgment debtor.

5. ———: ———. The existing homestead act exempts from forced sale upon execution or attachment a homestead not exceeding in value $2,000, and a judgment while the premises are impressed with the homestead character is not a lien thereon, even after their sale and abandonment by the debtor.

6. ———: ———. Under the present homestead law a judgment is a lien merely on the debtor's interest in lands occupied as a homestead in excess of $2,000.

7. **Marshalling Liens.** In marshalling the liens herein judgments should be given priority according to the date of the respective liens.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Reversed.*

*George E. Pritchett, Francis A. Brogan,* and *Warren Switzler,* for appellants.

*Charles A. Goss, Wharton & Baird, John W. Lytle, W. R. Morris, H. J. Davis, Howard B. Smith, Bartlett, Baldrige & De Bord, Herbert H. Neale, Kennedy, Gilbert & Anderson, Charles E. Clapp,* and *Geo. S. Smith, contra.*

NORVAL, J.

This action was brought to foreclose two real estate mortgages executed by John A. Smiley and wife upon their homestead to Paul W. Horbach, one bearing date August 2, 1889, another August 20, 1891. Numerous judgment creditors of Smiley were made defendants, and some of them filed cross-petitions, setting up their judgments. The decree which was entered found the amount due on the mortgages, adjudicated that certain judgments against Smiley had become dormant and were not liens upon the mortgaged property, determined the priority of liens, and directed that the premises be sold by the sheriff and the proceeds be brought into court to be applied in satisfaction of the several liens according to the order in which the court determined their seniority. An appeal has been taken from that portion of the decree relating to the distribution of the proceeds of sale.

Three judgments recovered against Smiley, in the district court of Douglas county, in favor of the Omaha National Bank, John McCormick & Co., and John F. Sheeley, respectively, and which had been assigned to Elizabeth Galligher, the decree found not to be liens on the mortgaged premises. This finding is in harmony with the statute and the decisions of the court, since such judgments had become dormant, and had not been revived. (Code of Civil Procedure, sec. 482; *Reynolds v. Cobb,* 15 Neb. 378; *State v. School District,* 25 Neb. 301; *Flagg v. Flagg,* 39 Neb. 229.) The judgment liens established by the decree may be arranged in two groups, or

classes, as follows: 1. Those rendered upon debts contracted since the enactment of the present homestead and exemption law. 2. Judgment obtained on indebtedness incurred under the prior statute relating to the same subject. It is true some of the judgments embraced in this class became dormant and, for a time, ceased to be liens upon the premises. (*Flagg v. Flagg*, 39 Neb. 229.) But these judgments were subsequently revived, which had the effect to reinstate the liens upon the real estate from the date of the order of revivor. (*Eaton v. Hasty*, 6 Neb. 419; *Cathcart v. Potterfield*, 5 Watts [Pa.] 163; *Norton v. Beaver*, 5 O. 178.) By the decree the liens of all the judgments in Class 1 were given priority over earlier judgments included in Class 2, and all of those in the latter class were made subordinate to the mortgages, although each antedated one or the other of them. The question presented is whether the liens were properly marshalled and adjusted by the trial court. The following propositions have been firmly established in this state:

1. The homestead law in force when the debt was created governs and controls as to the remedy. (*Dorrington v. Myers*, 11 Neb. 388; *De Witt v. Wheeler & Wilson Sewing Machine Co.*, 17 Neb. 533; *McHugh v. Smiley*, 17 Neb. 620; *Dennis v. Omaha Nat. Bank*, 19 Neb. 675; *Galligher v. Smiley*, 28 Neb. 189; *Jackson v. Creighton*, 29 Neb. 310.)

2. Under the homestead statute of 1867 a judgment is a lien upon the homestead of the debtor, but such homestead is exempt from levy and sale so long as it is owned and occupied for that purpose by the debtor. Upon its sale and abandonment, the lien of the judgment becomes operative, and may be enforced. (*State Bank v. Carson*, 4 Neb. 498; *Eaton v. Ryan*, 5 Neb. 47; *McHugh v. Smiley*, 17 Neb. 620; *Galligher v. Smiley*, 28 Neb. 189.)

3. The provisions of the existing homestead act exempt from forced sale upon execution or attachment a homestead not exceeding in value $2,000, and a judgment recovered against the owner thereof is not a lien thereon,

even after the sale and abandonment of the homestead. Under the present statute a judgment is a lien alone on the debtor's interest in lands occupied as a homestead in excess of $2,000. (*Stout v. Rapp*, 17 Neb. 462; *Schribar v. Platt*, 19 Neb. 625; *Swartz v. McClelland*, 31 Neb. 646; *Giles v. Miller*, 36 Neb. 346; *Baumann v. Franse*, 37 Neb. 807; *Hoy v. Anderson*, 39 Neb. 386; *Corcy v. Schuster*, 44 Neb. 269; *Prugh v. Portsmouth Savings Bank*, 48 Neb. 414; *Corcy v. Plummer*, 48 Neb. 481; *Mundt v. Hagedorn*, 49 Neb. 409.)

Applying the foregoing principles to the case at bar, it is perfectly plain that the decree of the court below cannot be sustained. The judgments entered upon contracts made prior to the present homestead law were liens upon the homestead of Smiley, but the land could not be appropriated to the payment thereof until after its sale and abandonment by him. As was said in *McHugh v. Smiley*, 17 Neb. 620, "Should a sale of the property take place under the decree of foreclosure, and the title of Smiley be divested, such liens would then become operative to be enforced against the premises." The court, therefore, erred in adjudicating that any portion of the proceeds arising from the sale of the premises under the foreclosure of the mortgages be devoted to the payment of any of the judgment liens belonging to said Class 2, which antedated both mortgages. The liens of the several judgments should have been awarded priority according to the dates of the respective liens, without regard to the law in force when the indebtedness was incurred upon which any particular judgment was rendered. The judgments belonging to the group heretofore designated as Class 1 were liens upon Smiley's real estate, subject, however, to his right to homestead therein; yet the trial court, in marshalling the liens in the decree, ignored his homestead interest, at least as to the judgments in favor of J. M. Woolworth, Morris & Davis, and E. A. Ayerst, respectively, which were found by the decree to be intervening liens between the two mortgage liens of plaintiff. Under the decisions of the court already mentioned, Smi-

ley was entitled to receive from the proceeds of the sale of the premises the sum of $2,000, in the event the surplus existing after satisfying the two mortgages and the intervening judgments obtained on debts created under the prior homestead act equaled that amount. The premises should be sold subject to any judgment lien in force at the time of the sale belonging to Class 2, which antedates the senior mortgage; but it is obvious that it would be inequitable to apply the same rule to the other judgment liens embraced in the same class, since to do so would give them priority over the first mortgage, although junior to it in point of time. The most equitable mode for distribution of the proceeds in the event of sale, and the one adopted in this case by us, is to pay, after costs, first the senior mortgage, next the Kelly judgment, if in force, then set aside for the use of the mortgagor conditionally $2,000 representing his present homestead exemption, then pay the judgments of Ayerst and Woolworth, if in force, in their order, then the judgments of Brash and Morris & Davis in their order, if in force, then the junior mortgage, and the other judgment liens in the order of priority. If the sum realized is insufficient to discharge all the mortgages and the intervening liens, the said $2,000 so set aside is applicable to the payment in the order of seniority of the judgments of Kelly and Brash respectively, if in force, they representing debts contracted under the former homestead law, and also the junior mortgage. The decree is accordingly reversed, and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.