J. H. AND SENA SAYERS v. C. A. CHILDERS, J. E. STOUT, Sheriff of Polk County, Iowa, CITIZENS NATIONAL BANK, C. L. WATROUS AND A. MILESTONE, Appellants.

Homestead Right: EFFECT OF CHANGE IN STATUTES: *Inclusion within city limits.* Code 1873, section 1996, provided that a homestead within a town plat should not exceed one-half acre in extent. Acts Twenty-third General Assembly extended the Des Moines corporate limits to include unplatted lands. Code ·1897, section 2987, repealing section 1996 limited a homestead in a town or city to one-half acre in extent. Code, section 51, provides that the repeal of existing laws shall not affect any right which has accrued. *Held*, that the extension of the Des Moines corporate limits so as to include a five-acre tract of unplatted land occupied as a homestead and the subsequent reduction of a city homestead to one-half an acre, did not take away the homestead character from such tract in excess of one-half acre, as the homestead is protected by Code, section 51.

*Appeal from Polk ·District Court.*—HON. S. F. PROUTY, Judge.

TUESDAY, JANUARY 15, 1901.

THE petition alleged, in substance, that Mrs. A. D. Littleton had acquired a five-acre tract of land lying outside the city limits of Des Moines, February 21, 1889, and continu-

ously occupied it as a homestead from that time until its conveyance to plaintiff, August 27, 1898; that neither this nor any adjacent land had ever been platted, but had always been used for agricultural purposes; that by virtue of chapter 1 of the Acts of the Twenty-third General Assembly, the said premises were taken within the city limits; that Childers recovered a judgment against said Littleton, December 6, 1897, and the Citizens' National Bank two judgments, December 16, 1897; that execution had issued on Childers' judgment and had been levied on the land by the sheriff, who will sell the same thereunder if not restrained; that the bank also claims that its judgments are valid liens thereon. Decree was prayed that the judgments never attached as liens, and enjoining their enforcement. The defendants' demurrer, on the ground that no more than a half acre within the city limits might be claimed as a homestead, was overruled, and, as they declined to plead over, decree was entered as prayed. The defendants appeal.—*Affirmed.*

*W. E. Odell, Geo. E. Hise* and *C. J. Donnelly* for appellants.

*Dudley & Coffin* for appellees.

LADD, J.—After Mrs. Littleton began to occupy the five-acre tract of land as a homestead it was taken within the city limits of Des Moines. But it had never been platted, and was not included in a plat, so that, under section 1996 of the Code of 1873, it did not lose its character as a homestead. But this was repealed by the Code, October 1, 1897, providing that, "if within a city or town, it must not exceed one-half acre in extent." Section 2978, Code. The only material change from the law as it previously stood was in the omission of the word "plat" immediately after "town," and this was restored by chapter 119 of the Acts of the Twenty-Eighth General Assembly. See *Finley v. Deitrick,* 12 Iowa, 517.

Did this change in the statute diminish the homestead of Mrs. Littleton to a half acre? By section 51 of the Code, the repeal of existing laws was not to "affect any act done, any right accruing or which has accrued or been established." In the early case of *Helfenstein v. Cave,* 3 Iowa, 288, the court held the homestead right to be such a one as was contemplated in a like statute contained in the Code of 1851, saying: "Now, under the act of 1849, a right existed in the defendant in relation to this contract,—that is, a right to his homestead, if he had one,—and this right is saved by the repealing chapter of the Code. The intention of the Code, adopted in 1851, was to save all rights existing under former acts, even to the extent of those yet accruing. There is no doubt, in our opinion, but that the rights of the defendant under the contract were saved by this act of repeal." Notwithstanding this emphatic language, the true character of this peculiar interest in land has given the court much trouble. Some have likened it unto a joint tenancy, and this finds approval in *Adams v. Beale,* 19 Iowa, 61; but is rejected in *Burns v. Keas,* 21 Iowa, 259. Others have treated it as a life estate, though this seems to be only in states where the homestead is not abandoned prior to the acquirement of another, or is designated as an estate. *Woodbury v. Luddy,* 14 Allen, 1 (92 Am. Dec. 731); *Snell v. Snell,* 123 Ill. 403 (14 N. E. Rep. 684, 5 Am. St. Rep. 526); *Browning v. Harris,* 99 Ill. 456. See, also, *Lubbock v. McMann,* 82 Cal. 226 (22 Pac. Rep. 1145, 16 Am. St. Rep. 108). The interest is purely statutory, nothing like it being known at common law, and may not be alienated save by the joint instrument of husband and wife. The wife's interest therein, when the fee is in her husband, is such that she may redeem from tax sale. *Adams v. Beale,* 19 Iowa, 61. And it cannot be cut off in the foreclosure of a mortgage executed by the husband prior to marriage, without making her a party. *Chase v. Abbott,* 20 Iowa, 157. In the last case, the court,

through Cole, J., said: "This right of the wife in the homestead is of a higher character and more in the nature of a vested interest or title, than is a dower right in the other real estate of the husband. It is of such a vested character as clothes her with a right to redeem from a tax sale (under a saving clause in favor of married women) after the time for redemption by her husband has expired." Her interest therein, it has also been said, is an existing right, which she is entitled to protect. *Byers v. Johnson,* 89 Iowa, 283; *Mc Clure v. Braniff,* 75 Iowa, 43. Throughout the reports the interest in the lands which the law shields from the demands of the creditor for the use of the family is uniformly spoken of as the right of homestead, and nowhere is treated as a mere privilege. The remark that "the statute is simply a statute of exemption, rather than a law conferring affirmative rights," found in *Burns v. Keas, supra,* was made in response to the suggestion of a joint tenancy, and was in no way essential to the decision. That it was not intended as an assertion that no right was conferred is evident from an examination of *Adams v. Beale* and *Chase v. Abbott,* written by the same judge. Certainly, it is something more than a mere exemption to the owner, for the surviving spouse may enjoy it to the exclusion of his heirs, and it passes to his issue, not only exempt from his antecedent debts, but theirs as well. Section 2985, Code. While it is not essential to a decision that the homestead interest be classified, we remark, in passing, that it more closely resembles the life estate than any other, differing therefrom in the manner of acquirement and alienation, and possessing some of the characteristics of a joint tenancy. It is enough now to say that this court has uniformly referred to it as a right. That it is such was held in *Gallagher v. Smiley,* 28 Neb. 189 (44 N. W. Rep. 187, 26 Am. St. Rep. 319), where the homestead interest was adjudged a vested right, and not affected by subsequent legislation. A similar conclusion has been reached in several

state in which the constitutions empowers the legislature to provide for homestead exemptions. *Bassett v. Messner,* 30 Tex. 604; *Barber v. Rorabeck,* 36 Mich. 399; *Ham v. Bank,* 62 Cal. 125. It is not perceived in what way merely directory provisions contained in the fundamental law can affect the conclusion to be reached, and little stress is laid on that fact in the cases cited. A respectable array of authorities, however, say homestead laws pertain solely to the remedy. *Leak v. Gay,* 107 N. C. 468 (12 S. E. Rep. 313); *Bull v. Conroe,* 13 Wis. 233; *Harris v. Glenn,* 56 Ga. 94. See cases collected in 15 Am. & Eng. Enc. Law, 526, 614. While in the reasoning of these cases sufficient consideration does not appear to have been given to the peculiar character of the homestead interest, it must be admitted there is much force in the argument that, as it does not rest in contract, the legislature may grant without loss of the power to repeal, and therefore it amounts to no more than a privilege behind which designated persons may take refuge. We are not prepared to say that the homestead right is strictly a vested right, as was declared in *Gallagher v. Smiley, supra,* but it is and has ever been recognized by this court as a very valuable right, secured to the debtor for substantial reasons of public policy as well as individual and family benefit, and as such is within the protection of section 51 of the Code.—Affirmed.