Dorrington v. Myers.

DAVID DORRINGTON, APPELLEE, v. PHILIP MYERS AND OTHERS, APPELLANTS.

**Homestead Exemption.** Under the provisions of sec. 525 of the code of civil procedure, unaffected by amendment or subsequent legislation, D. entered into the contract upon which judgment was afterwards obtained and execution issued, he at that time residing with his sons and daughters on the property in question as a homestead. At the time of the attempted levy of the execution on the homestead, his wife had died, and not having remarried he was residing on the property as the head of a family consisting of a married son and his wife, the wife and children of another married son who was absent in the mining country, and one or more servant girls. *Held*, that D. was entitled to homestead exemption.

INJUNCTION to restrain defendants from selling, upon execution, property described in the petition, alleged to be the homestead of plaintiff. The cause was brought in the district court of Richardson county, and upon a hearing there before Weaver, J., decree was rendered in favor of plaintiff, from which defendants appeal.

*C. Gillespie* and *George P. Uhl* for appellants, cited Thompson on Homesteads, secs. 10, 40, 73, 291, 292,

293.    *Cooper v. Cooper*, 24 Ohio State, 488.    *Gunn v. Barry*, 15 Wall., 610.

*Isham Reavis* and *E. W. Thomas*, for appellee, cited *Silloway v. Brown*, 12 Allen, 34.    Thompson on Homestead, sec. 72.    *Tyson v. Reynolds*, 52 Iowa, 431.

COBB, J.

It is well settled that the law in regard to exemptions, as well as that relating to stay of execution, valuation, or appraisement laws and other similar laws, in force when a contract is entered into, becomes the law of such contract.    This principle has been often invoked by the creditor for his protection against the effect of subsequent legislation which has sought to enlarge the amount of exemptions, etc.    But I know of no good reason why the rights of the debtor should not be equally under the protection of the law as those of the creditor.    And if, as is certainly the case, the amount of property which the debtor is allowed to hold exempt and free from execution cannot be enlarged by a statute passed after the making of the contract, to satisfy which the execution is issued, neither ought it to be abridged or shorn of any of its protecting attributes by means of any such subsequent legislation.    In the case at bar, the contract, for the satisfaction of which the homestead of the plaintiff is sought to be taken, was made while the homestead exemption provision as contained in the code of civil procedure was in force and unamended.    Therefore, in examining the plaintiff's claim to homestead exemption in this case, we will only consider the law as it then stood, without regard to either of the three several statutes which have been since enacted on that subject.

The provisions of law above referred to, so far as the

same is necessary to an understanding of this case, are as follows: "A homestead consisting of  *   *   *   a quantity of contiguous land not exceeding two lots, being within an incorporated town or village, ·  *   * owned and occupied by any resident of the state, being the head of a family, shall not be subject to attachment, levy, or sale, upon execution or other process issuing out of any court in this state so long as the same shall be owned and occupied by the debtor as such homestead.

"This section shall be deemed and construed to exempt such homestead, in the manner aforesaid, as well after as before the death of the debtor, and in the event of the death of the debtor, the estate in such homestead shall descend to, and be vested in, his heirs at law or legatees, free and divested from all claims, if any, of creditors thereto." Gen. Stat., 616.

The word family is defined by Webster to be "the collective body of persons who live in one house under one head or manager, including parents, children, and servants, as the case may be, lodgers or boarders."

It appears from the testimony preserved in the bill of exceptions, that while the provisions of the statute above quoted were in full force and unaffected by any amendment or subsequent enactment on that subject, the plaintiff occupied the premises in question with his family.   That his family then consisted of his wife and several sons and daughters.   It further appears that at the date of the attempted levy of the execution on the premises, the plaintiff was a widower, his wife having died in the meantime, and his family consisted of a married son with his wife, the wife and children of another married son who was. temporarily absent in the mining country, and one or more servant girls.

Upon this state of facts and under the section of the statute quoted, the plaintiff was, at the date of the at-

tempted levy, the head of a family and entitled to the benefit of the homestead exemption law as such.

While placing my views of this case upon the above ground, I by no means wish it understood that the plaintiff's right to homestead exemption depends upon the fact of his ability ·to provide for his son and daughters-in-law, and to hire servant girls. When as the head of a family he entered into possession of this homestead, he become vested, so to speak, of a homestead estate therein, which was alienable only by sale or abandonment. Neither the death of the wife, nor her abandonment of her husband, nor the arrival at full age and departure from the parental roof of all the sons and daughters, would have the effect of dismantling the homestead of the protection of the exemption law. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.