DAVID JACKSON, APPELLANT, V. JOHN A. CREIGHTON
ET AL., APPELLEES.

[FILED APRIL 8, 1890.]

1. **Government Land**: HOMESTEAD: MORTGAGE: WAIVER: ES-
TOPPEL. In 1871 one A. received a patent from the United States
for certain lands entered under the homestead law. The same
year a judgment in the district court was recovered against him
and others, which was not a lien on such homestead. In 1873,
and again in 1876, A. and wife mortgaged the homestead, and in
1878 a decree of foreclosure and sale was had. A sale being
about to take place under the decree, an execution was also is-
sued on the judgment, both writs being in the sheriff's hands at
the.same time, and a sale had under both. Afterwards the sale
under the order of sale was set aside, and that under the execu-
tion confirmed, but providing that the mortgage decrees be first
satisfied, the remainder to be applied on the judgment. In an
action by A. to have the deed of the sheriff declared void and
the title confirmed in him, *held*, that the purchaser at the ju-
dicial sale acquired a good title; that while the judgment was
not a lien on the land, yet that the evidence established the fact
that A. had waived his right of homestead, and that, relying on
such waiver made to him personally by A., the highest bidder
at the sale had been induced to purchase.

2. ———: ———: LAW OF CONTRACT. The homestead law in force
when a debt is contracted applies when it is sought to enforce
such debt against the homestead.

3. ———: ———: WAIVER BY HUSBAND ALONE. Under the home-
stead law of 1867 the husband alone could waive the right and
subject the property to the satisfaction of a judgment.

APPEAL from the district court for Douglas county.
Heard below before WAKELEY, J.

*J. W. Eller*, and *Dave H. Mercer* (*J. H. Blair* with them),
for appellant:

Under the law in force in 1879 (the year when the
waiver is alleged to have occurred) the husband alone could
not waive the homestead right. (*Hubbell v. Canady*, 58

Jackson v. Creighton.

Ill., 425; *Bonorden v. Kirz*, 13 Neb., 121; *Beecher v. Baldy*, 7 Mich., 506; *Amphlett v. Hibbard*, 29 Mich., 298; *Herron v. Knapp*, 40 N. W. Rep. [Wis.], 149.) The fact that husband and wife are not living together does not change the rule. (*Larson v. Butts*, 22 Neb., 370; *Conroy v. Sullivan*, 44 Ill., 451; *Dye v. Mann*, 10 Mich., 291; *White v. Clark*, 36 Ill., 285; *Cowgell v. Warrington*, 24 N. W. Rep. [Ia.], 267; *Hall v. Loomis*, 30 N. W. Rep. [Mich.], 375; *Betts v. Sims*, 25 Neb., 166.) The covenants cannot operate as an estoppel against the mortgagor or his assigns. (*Barton v. Drake*, 21 Minn., 299; *Conway v. Elgin*, 38 N. W. Rep. [Minn.], 370; *Alt v. Banholzer*, 40 N. W. Rep. [Minn.], 830; *McCreery v. Shaffer*, 26 Neb., 173.) The recitals in a sheriff's deed are conclusive only on the parties to the deed and those claiming under them. (*Durette v. Briggs*, 47 Mo., 356; *Leland v. Wilson*, 71 Tex., 79; *Ware v. Johnson*, 55 Mo., 500; *Barclay v. Plant*, 50 Ala., 509.)

*Cowin & McHugh, contra:*

The homestead law, as it existed in 1871, is the law of the contract. (*Dennis v. Omaha National Bank*, 19 Neb., 677; *Dorrington v. Myers*, 11 Id., 388; *De Witt v. Sewing Machine Co.*, 17 Id., 533; Rorer on Judicial Sales, secs. 1363, 1364; *McHugh v. Smiley*, 17 Neb., 620.) Under that law the husband could not only waive the homestead right without the wife's consent, but, in order to avail himself of the right, was obliged to act affirmatively and claim it. (*Rector v. Rotton*, 3 Neb., 177.) Likewise of the act of congress in regard to homesteads. (*Jones v. Yoakam*, 5 Neb., 267.) Even if the wife were required to join in the waiver, she, and not the husband, would be the proper party to seek relief. (*Cobbey v. Knapp*, 23 Neb., 592; *Dickman v. Birkhauser*, 16 Id., 688.) Plaintiff is estopped to claim the premises. (*Wilson v. Bigger*, 7 W. & S. [Pa.], 111; *Smith v. Warden*, 19 Pa. St., 425; *Maple v. Kussart*, 53 Id., 348; *Gillespie v. Sawyer*, 15 Neb., 536; *Bakort v. At-*

*kinson,* 14 Ohio, 228, 239; *Adlum v. Yard,* 1 Rawle [Pa.], 162; Rorer, Judicial Sales, pp. 164–7, secs. 894, 895, 896, 897, and cases; *Bumley v. Stevensen,* 24 O. St., 474; *Garnar v. Bird,* 57 Barber [N. Y.], 277; *Favill v. Roberts,* 50 N. Y., 222; *Penn v. Heisey,* 19 Ill., 295; *Davidson v. Young,* 38 Id., 145; *Walker v. Mulvean,* 76 Id., 18; *Carwin v. Shoup,* Id., 246; *Gatling v. Rodman,* 6 Ind., 289; *Morris v. Stewart,* 14 Id., 334; *Gudtner v. Kilpatrick,* 14 Neb., 347; *Adams v. Thompson,* 18 Id., 541; *Brockington v. Camlin,* 4 Strob. Eq. [S. Car.], 189.)

MAXWELL, J.

This action was brought by the plaintiff against the defendants to have certain deeds upon specific real estate described in the petition canceled and annulled and the plaintiff's title thereto confirmed.   The plaintiff alleges in his petition in substance that he entered the land in question under the United States homestead law and received a patent therefor April 20, 1871; that he was then and continued to be a married man, having several children, and resided upon the land continually until June 29, 1879; that the land was his homestead under the state law, and that he has never, since obtaining his patent, owned any other real estate; that a deed signed by George H. Guy, sheriff, dated the 26th of June, 1879, and recorded June 29, 1879, is a cloud upon his title, as well as other deeds made thereunder.   A copy of the deed is set forth in the petition.   It recites that:

" Whereas, at the term of the district court, held on the 24th day of March, 1879, it was, among other things, ordered, adjudged, and decreed by said court between Greensfelder, Rosenthal & Co., plaintiffs, and Wm. A. Denton, David Jackson, and James W. Agee, defendants, that the mortgaged premises mentioned and set forth in the pleadings in said case be sold by or under the directions of said

party of the first part at public auction; * * * and whereas, the said George H. Guy, sheriff as aforesaid, * * * in pursuance of the order and decree of the said court * * * did * * * sell: * * * Now, therefore, this indenture witnesseth, that the said George H. Guy, sheriff as aforesaid, in order to effect the said sale so made as aforesaid, in pursuance of the said decree, * * * and in consideration of $1,005 doth grant," etc.

The petition further alleges that there was no decree of any kind or nature, as described in the deed, made by the said district court.

The defendants allege that the deed was sufficient to convey the title to Corliss, and that on May 29, 1871, Isaac Greensfelder, Rudolph Rosenthal, and Sigmund Forsheime brought an action in said district court against Wm. A. Denton, Joseph Denton, David Jackson (the plaintiff herein), and James W. Agee, upon a promissory note, and obtained judgment against all of the defendants at November term, 1871; that an execution was issued upon this judgment March 24, 1879, and levied upon the land in question, and defendant Corliss was the purchaser at execution sale May 17, 1879, and that the sale under the execution was confirmed by the court; that the recitation of authority is erroneous; that the deed should describe that it was made by virtue of a sale under execution, and that the sheriff made a mistake in the recitation in the deed.

The prayer of the answer is as follows:

"The defendants, therefore, pray that the cause of action of said plaintiff may be dismissed at his costs, and pray also for affirmative relief therein, that the court enter a decree and order directing a correction of the said sheriff's deed with respect to the recitations therein, which were entered by mistake, as hereinbefore set forth, and for such other relief as equity and justice may require."

The defendants also allege in their answer: "That plaintiff gave a mortgage on the land to Aultman-Taylor Co.

and also one to Everett G. Ballou.    The foreclosure of the
mortgage and the sale of the land under the decree.    That
about the time Aultman-Taylor Co. and Ballou were
threatening to foreclose, Jackson requested Greensfelder,
Rosenthal & Co. to get out an execution upon the judgment,
so that the judgment might be collected first out of the
property; that Jackson told Corliss that he wanted the
property sold under the judgment so as to beat Ballou;
that Jackson, upon his own motion, directed the execution
(of March 24, 1879) to issue upon the judgment (being
the judgment of *Greensfelder, Rosenthal & Co. v. Denton
& Agee;*) that on the 27th day of March, 1879, Jackson
filed with the sheriff, to be made part of his return, the
paper called 'The Homestead Release,' a copy of which is
set forth in the answer; that the defendant stayed the
judgment; that the land was sold the same day under the
execution and under the mortgage foreclosure, and was
purchased by Corliss in each sale for $1,005; that the
motions to confirm the sale (in these cases) were heard to-
gether; that Jackson insisted upon the confirmation of the
sale under the execution, which confirmation Aultman-
Taylor Co. and Ballou opposed; that the court confirmed
the sale under the execution and directed the sheriff to
make a deed to defendant Corliss, and that Jackson was
instrumental in procuring this order."

On the trial of the cause the court rendered a decree as
follows:

"Thereupon the cause came on to be heard upon the
petition, and answer of the defendants, the reply and the
evidence, and after hearing all the evidence and argument
of counsel, the cause was submitted to the court, on consid-
eration whereof the court finds, upon the issues joined be-
tween the parties, in favor of the defendants; to which
finding the plaintiff excepts.

"That the said plaintiff at the time of the commencement
of this action had no legal or equitable estate in and was

not entitled to the possession of the premises described in said petition, or any part thereof, and that plaintiff has not a legal or equitable estate in and is not entitled to the possession of the said premises; to which the plaintiff excepts.

"That before the execution sale referred to in the pleadings the plaintiff waived and released his homestead right in the premises described in said petition and in dispute in this cause; caused and procured the execution to issue for the sale of the said property, and caused and procured the defendant Frank W. Corliss to purchase the said property; employed counsel to and did procure the confirmation of the sale; was present in the court at the time of the confirmation, and assented thereto, and caused and procured the defendant Frank W. Corliss to pay the purchase money accordingly; to all of which and each of which findings severally the plaintiff excepts.

"It is therefore considered by the court that the said action be and the same is hereby dismissed, and that the defendants go hence without day and recover from the plaintiff their costs herein expended, taxed at $———."

The plaintiff appeals.

The testimony shows that on the 7th of March, 1871, appellant David Jackson, together with Wm. A. Denton, David Denton, and James W. Agee, executed their promissory note for the sum of $319.35, payable on the first of May, 1871, in favor of Greensfelder, Rosenthal & Co.; that on the 20th of May, 1871, the payees of the note brought their action in the district court for Douglas county, Nebraska, against all the makers, all of whom were personally served, and on the 19th of June the defendants appeared by an attorney and moved to dismiss the case for want of security for costs.

The defendants failed to make further appearance, and at the November term of said court, 1871, judgment was entered against all the defendants for $340.65, together with costs. A certified copy of the judgment is in the rec-

ords, and as it appears in the judgment record the name of David Jackson is left out of the title, but the judgment is against the defendants in the action.

Several executions were issued upon said judgment against all the defendants, including David Jackson, and returned "no property."

On the 27th of February, 1873, the appellant David Jackson, together with his wife, Frances Jane Jackson, executed a note to Everett G. Ballou, secured by a mortgage upon the property in controversy for the sum of $280, due in one year.

On the 15th of September, 1876, the appellant David Jackson, together with his wife, Miranda Jackson, being the second wife, executed a second mortgage on said property in favor of Aultman & Taylor Co. for the sum of $158.90, payable on or before the first of February, 1878. These mortgages were duly recorded.

On the 22d of April, 1878, the Aultman & Taylor Co. commenced its action in the district court of Douglas county to foreclose its mortgage, making David Jackson and Miranda Jackson parties defendant, and also Everett G. Ballou, on account of his prior mortgage. The Greensfelder judgment creditors were not made parties defendant. Mr. Ballou filed his answer setting up his mortgage. A decree was entered at the June term of the district court, 1878, foreclosing the mortgages of the Ballou and Aultman, Taylor & Co. for the principal and interest due thereon, and costs. The property thus stood with a judgment in favor of Greensfelder, and others unsatisfied, and a decree of foreclosure upon mortgages executed by husband and wife. An execution was issued on the judgment and an order of sale on the foreclosure, and the property was advertised for sale under the execution and the order of sale; the sale advertised in both instances to take place at the same time, and of the same property. The property was sold under both writs and bid in under both; therefore, in

effect, was sold twice and bid in twice, Mr. Corliss being the purchaser.

The testimony tends to show that after foreclosure proceedings were instituted, it became evident to the plaintiff that the property must be sold, and he desired to have the judgment of Greensfelder satisfied before the mortgages; that his wife had abandoned him six months before the sale; that he procured the issuing of the execution against himself upon the judgment in the case of Greensfelder and others; that he desired the property sold under that execution to satisfy that judgment; that to accomplish that purpose he waived his homestead right, signing the release, which though denied by him, is sufficiently proved, other witnesses corroborating it; that he procured Corliss to buy the property; that he assured him he was perfectly safe in doing so; that he procured the sale to be confirmed on the execution; that he was present in court at the time of the confirmation and assented thereto, and caused Corliss to pay his money in satisfaction of his (Jackson's) debt.

The waiver of homestead right, signed by Jackson, was attached to the order of sale as returned by the sheriff with his doings thereon. The order confirming the sale is as follows:

"On motion of said plaintiff, and on producing to the court the returns of George H. Guy, sheriff of said county, of a sale of real estate made by him on the 17th day of May, 1879, to F. W. Corliss, on an execution issued in this case, dated the 24th day of March, A. D. 1879, and, on examination of said proceedings, the court being satisfied that said sale has been made in all respects in conformity to law, it is ordered that said sale and proceedings be and the same are hereby confirmed, and the said sheriff is ordered to make to the purchaser a deed for the lands and tenements so sold.

"Thereupon, on motion and by consent of parties, it is ordered that out of the moneys arising from said sale,

amounting to $1,005, the mortgages of Everett G. Ballou, and Aultman, Taylor & Co., at page 40, App. Doc. 2, of the records of this court, be first paid, and that the balance be applied on the judgment in this case."

The cause for setting aside the sale in the foreclosure proceedings does not appear, but it is probable that the court deemed it necessary to confirm in only one of the cases. In other words, that the orders of sale under the foreclosure proceedings being in the hand of the officer, and also an execution, a sale of the property under the execution was sufficient to transfer the legal title to the purchaser, the proceeds of the sale to be applied on the liens in the order of their priority. The court in effect made a finding as to the priority of the liens and directed their payment, and the money seems to have been applied as directed. If there was an error in this it cannot be corrected in this proceeding. The court had jurisdiction of the subject-matter and the parties, and its orders and judgment, if erroneous, were not void. The confirmation, by directing the payment of the mortgage liens first, in effect did confirm the sale under the foreclosure proceedings and applied the balance remaining to the payment of the judgment.

In a number of cases this court has held that the homestead law in force when a debt was contracted applies when it is sought to enforce such debt against the homestead (*Dorrington v. Myers*, 11 Neb., 388; *De Witt v. Sewing Machine Co.*, 17 Id., 533; *McHugh v. Smiley*, 17 Id., 620; *Dennis v. Omaha Nat'l Bank*, 19 Id., 675); and this rule is of general application (*Bills v. Mason*, 42 Ia., 329; *Warner v. Cammack*, 37 Id., 642). The homestead law in force when the debt was contracted was as follows:

"A homestead, consisting of any quantity of land, not exceeding 160 acres, and the dwelling house thereon, and its appurtenances, to be selected by the owner thereof, and not included in any incorporated city or village, or, instead thereof, at the option of the owner, a quantity of con-

tiguous land, not exceeding two lots, being within an incorporated town, city, or village, and according to the recorded plat of such incorporated town, city, or village, or in lieu of the above, a lot or parcel of contiguous land, not exceeding twenty acres, being within the limits of an incorporated town, city, or village, the said parcel or lot of land not being laid off into streets, blocks, and lots, owned and occupied by any resident of the state, being the head of a family, shall not be subject to attachment, levy, or sale upon execution or other process issuing out of any court in this state so long as the same shall be owned and occupied by the debtor as such homestead."

It was to be selected by "the owner thereof" and the right thereto could be waived. (Rector v. Rotton, 3 Neb., 171. In the case cited, LAKE, Ch. J., in speaking of the homestead law then in force and which applies to this case, says: "The homestead act was passed for the purpose of protecting the home of the family against a sale without the consent of the owner. But the right thus guaranteed to the head of a family is a purely personal one, which he may at any time waive, or renounce at his own pleasure; and while he is secure in its possession and enjoyment as against the demands of ordinary creditors, yet he is not thereby prohibited from either selling it or investing the proceeds in other property, or pledging it for the payment of his debts if he chooses so to do.

"The legislature never intended, by this statute, to assume a guardianship over the owner of a homestead, and render him disqualified to make valid contracts respecting it. It imposes no constraint upon him whatever in this respect; even the wife, when the title is in the husband, has no power to prevent him from making such disposition of it as he may think best."

The judgment, therefore, although not a lien on the plaintiff's land until a levy was made, was nevertheless subject to be levied upon if the owner waived his right of home-

stead and requested the officer to levy thereon. This the proof clearly shows the plaintiff did, and the proceeds of the sale were applied in payment of his debts.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.