FEDERAL CREDIT COMPANY, TRUSTEE, APPELLEE, v. H. B. REYNOLDS, APPELLANT: IRA E. ATKINSON, ADMINISTRATOR, ET AL., APPELLEES.

272 N. W. 397

FILED APRIL 2, 1937. No. 29934.

*Joseph J. Cariotto,* for appellant.

*H. J. Whitmore, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

GOSS, C. J.

Defendant appeals from an order appointing a receiver in an action foreclosing a mortgage on real estate.

The decree of foreclosure entered February 11, 1936, found there was due plaintiff as trustee for bondholders $7,450.24, with 10 per cent. interest from November 20, 1935, as a first lien; and that there was due Ira E. Atkinson, as administrator of the estate of C. E. Reynolds, deceased, $10,446, on a judgment rendered December 1, 1934, which is a second lien. Defendant was granted a stay of eleven months in lieu of his statutory stay of nine months.

The application for a receiver was by motion filed April 30, 1936. The notice of hearing thereon stated that the hearing would be May 2, 1936. Section 20-1082, Comp. St. 1929, requires at least five days' notice, but the record shows that, on May 2, 1936, defendant asked and by order was granted a week to prepare to resist the application. This was a waiver of the defect of time in the motion. After the showing the court appointed a receiver.

The evidence shows that the property under receivership is a twelve-room house, consisting of two living rooms, a dining room, two bedrooms, a kitchen, a sleeping porch, and a bathroom downstairs; the upstairs has four sleeping rooms and an apartment consisting of a living room, a kitchen and a sleeping porch; defendant Reynolds, in whose name the title stands, rents the rooms and apartment out separately for a total of approximately $100 a month and reserves one of the downstairs sleeping rooms for his own use; when he purchased the property in August, 1932, he lived there with his wife and they claimed it as their homestead; his wife got a divorce from him in 1934, but he continued to live in the house and to claim the property as his homestead. The evidence justified the court in concluding that the property was not of sufficient value to pay the liens decreed against it.

The first and chief error assigned is that the court failed and refused to find that the property was the homestead of defendant Reynolds, and was therefore not subject to receivership.

The record seems to raise no doubt that, when the property was mortgaged by Reynolds and wife, it was their homestead. The first question suggested for consideration is whether, after they were divorced, it could and did continue to be his homestead.

In *Dougherty v. White,* 112 Neb. 675, 200 N. W. 884, it is said: "The law is settled that, where a husband and wife reside upon a homestead and the wife dies, the homestead character of the land continues and the surviving husband, although he may have no children or dependents residing with him, may still retain the homestead as such. *Palmer v. Sawyer,* 74 Neb. 108; *Dorrington v. Myers,* 11 Neb. 388; *Galligher v. Smiley,* 28 Neb. 189. The same rule obtains where the marriage relation has been dissolved by decree of court."

It would seem, therefore, that the trial court erred in granting a receivership that covered defendant's homestead rights in the property. The farthest the court had a right to go in that respect was to appoint a receiver for such of the property as did not constitute defendant's homestead. It may be that, upon reversal, there will be no need for the selection by claimant of his homestead or for adjudication of what his homestead rights are or shall be in the particular property, the stay of the order of sale having expired. We content ourselves with holding that the court erred in appointing a receiver, and reverse the judgment, with directions to proceed further in harmony with this opinion.

REVERSED.