WILLIAM SANNE, APPELLANT, V. AUGUST SANNE, APPELLEE, AMELIA SANNE, INTERVENER-APPELLEE.

94 N. W. 2d 367

Filed January 23, 1959. No. 34475.

*Elven A. Butterfield,* for appellant.

*Elmer C. Rakow,* for appellee Amelia Sanne.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On February 21, 1958, William Sanne, hereinafter called plaintiff, caused an execution to issue and be levied upon Lot 2, Pexton's Subdivision of Neligh, in Antelope County, Nebraska, to collect a judgment by confession theretofore obtained by plaintiff against his brother, August Sanne. Such judgment was allegedly for money loaned to and advanced for August Sanne in the amount of $1,829.65, with interest at six percent from July 1, 1955, less a $200 endorsement July 16, 1956. Sale of the property under execution was advertised to be held by the sheriff at 10 a. m., April 21, 1958.

In the meantime, on June 25, 1957, Amelia Sanne, hereinafter called defendant, had been granted an absolute divorce from August Sanne. The decree of divorce awarded to and confirmed in defendant title to the "family home" above described, "subject to whatever liens and encumbrances may exist against the same; * * *." Thereafter, on March 28, 1958, defendant herein filed an application in the district court in the form and manner provided by section 40-105, R. R. S. 1943, and sections in pari materia therewith, seeking to dissolve the levy on execution and to permanently enjoin plaintiff and the sheriff from levying execution against the premises on said judgment upon the alleged

theory that the property was defendant's homestead.

To defendant's application plaintiff filed an answer. Insofar as important here, it denied that defendant was occupying the premises as her homestead, and alleged that if she did have a homestead exemption of $2,000 it was subject to three itemized liens of record, which the court was without authority to eliminate. It should also be pointed out that at the hearing on defendant's application and plaintiff's answer August Sanne did not appear but the county attorney appeared on behalf of the sheriff and also the county, which claimed an old age assistance lien on the property.

On April 17, 1958, after a hearing on the merits, decree was rendered, concluding in effect that the property had been the homestead of August Sanne and defendant, as husband and wife, when plaintiff's judgment by confession was originally obtained; that the property was now the homestead of defendant, Amelia Sanne; and that plaintiff's judgment when obtained did not become and was not now an enforceable lien on said premises. However, it should be borne in mind, as hereinafter pointed out, that such judgment was a lien only on the debtor's interest in lands impressed with the character of a homestead in excess of $2,000, and was not a lien on the homestead interest. The judgment in the case at bar also dissolved the levy of execution by the sheriff; ordered him not to sell the property; without any qualification permanently enjoined plaintiff and the sheriff from levying execution against the premises on plaintiff's judgment; and taxed costs to plaintiff.

On April 21, 1958, at 10 a. m., after the judgment aforesaid had been rendered, plaintiff filed a so-called showing that it was his intention to place a bid of $4,326.41 on the property at sale thereof, of which $2,000 was to be applied on defendant's homestead exemption, with an amount equal to the old age assistance theretofore furnished August Sanne by the county, to be

held pending determination of priority of liens and division thereof. What disposition, if any, was made of such showing does not appear in the record except by inference, and plaintiff's motion for new trial did not assign as error any disposition thereof. It is sufficient here to say that in the light of evidence and authorities hereinafter cited, such attempted bid should not have been received because, as provided by section 40-111, R. R. S. 1943: "* * * no bid must be received unless it exceeds the amount of the homestead exemption," and is also greater than other existing valid liens on the property.

On April 25, 1958, plaintiff filed a motion for new trial, which was submitted without argument, and overruled on April 30, 1958. Thereupon, plaintiff appealed, assigning and arguing in substance: (1) That the trial court erred in failing to follow the statutes relating to the vacation or modification of judgments, and in vacating and modifying plaintiff's original judgment after expiration of the term and 2 years had elapsed without the filing of proper pleadings; (2) that over objections, the trial court erroneously admitted evidence without proper foundation and over objections erroneously admitted evidence that was not the best evidence and without proper foundation; and (3) that the judgment was not sustained by the evidence but was contrary thereto and contrary to law. We do not sustain the assignments except to find that the granting of the permanent injunction as aforesaid without any qualification was too all-inclusive and should be and hereby is modified to comply with the rule: "That the decree of the district court perpetually enjoining the appellants from attempting to satisfy their judgments by judicial sale of said homestead premises should be so modified as to permit appellants, at any time, to move the court for a vacation of such injunction on showing that the appellee, still owning the legal title to said premises, had permanently abandoned the premises as

a homestead, or that said premises had appreciated in value so that the interest of the appellee therein had become of a greater value than $2,000." Corey v. Schuster, 44 Neb. 269, 62 N. W. 470. In all other respects, the judgment should be and hereby is affirmed as so modified.

With regard to the first assignment of error, it is clearly and conclusively apparent from the record that the trial court did not in any manner or means vacate or modify plaintiff's judgment against August Sanne, and that the procedure followed by the parties and the court was authorized by and in conformity with sections 40-105, 40-106, 40-107, 40-108, and 40-111, R. R. S. 1943. Plaintiff's first assignment has no merit.

The second assignment also has no merit. In Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658, we reaffirmed that: "In a case tried to the court, either in law or in equity, the presumption obtains that the trial court in arriving at decision considered only such evidence as was competent and relevant, and this court will not reverse a case so tried because other evidence was admitted, if there is sufficient competent and relevant evidence in the record to sustain the judgment." Also, it should be pointed out that such assignment of error did not make any reference to or point out the specific admitted evidence against which objection is urged, and in that situation it is not the duty of this court to search the record for the purpose of ascertaining what evidence plaintiff is complaining about. See Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628.

We turn then to the question of whether or not the judgment was sustained by sufficient evidence. Upon examination of the record de novo, we conclude that it was. In such respect the record discloses the following: August Sanne and Amelia Sanne, defendant herein, were married in 1925. In 1944, they purchased the property involved, mostly for cash, with money accumulated by them during the marriage. Title thereto

was taken in the name of August Sanne. It was the only real property owned by them, and was the homestead where they lived with their four minor children until 1950. At that time they moved to Oregon and leased the property, but they returned in the fall of 1951 and moved back into the property known and described as their "family home."

In March 1953, August Sanne began receiving monthly old age assistance payments from Antelope County. He continued to do so, and on July 1, 1957, all such payments, amounting to a total of $2,326.41, were duly recorded valid liens on the property involved.

In the meantime, on or about October 6, 1955, plaintiff, William Sanne, filed an action in the district court for Antelope County against his brother, August Sanne, seeking to recover a judgment for $1,829.65, together with interest at six percent from July 1, 1955. Such sum allegedly consisted of money loaned to or advanced for August Sanne. The next day, on October 7, 1955, August Sanne executed and acknowledged before the attorney for plaintiff, who represented both parties, an offer to confess judgment in favor of William Sanne for the amount sought by him. Therein August Sanne admitted that he owed such indebtedness for money advanced to him; that he was willing to confess judgment therefor because he was without funds; that he had no way of raising funds; and that he was unable to repay said sums as he had agreed to do. In that situation, such offer to confess judgment was filed in the district court on November 1, 1955, and on that date or on October 28, 1955, a judgment by confession was rendered in favor of plaintiff, William Sanne, and against August Sanne for $1,829.65, together with interest at six percent from July 1, 1955, which judgment plaintiff herein contended was a lien on the property involved. In that connection, at the time such judgment was rendered, the old age assistance lien amounted to $1,152.81, and plaintiff at all times had knowledge of

August Sanne's indigent financial condition.

Sometime thereafter August Sanne sued Amelia Sanne, defendant therein and here, for divorce, and she filed a cross-petition. Without dispute, defendant had custody of their minor daughter, and no allowance was made for her support. After a hearing and on June 25, 1957, defendant was granted an absolute divorce upon her cross-petition. The court's decree also awarded defendant: "* * * the family home described as Lot 2 of Pexton's subdivision of Neligh, Nebraska, * * * together with its contents as a property settlement and title to said premises" was "confirmed in Amelia Sanne, subject to whatever liens and encumbrances may exist against the same; * * *."

The old age assistance lien then amounted to $2,326.41; the judgment here involved remained unpaid in the amount of $1,629.65; and the 1956 real estate taxes were unpaid. However, Amelia Sanne paid such taxes, but at the time of this hearing and judgment on April 17, 1958, the 1957 taxes, amounting to $52.74, were unpaid for want of funds by defendant, who was washing dishes in a cafe to help obtain sufficient money for her support.

While the divorce case was pending, defendant and her minor daughter continued to live in one isolated portion of the home, and August Sanne continued to live in another locked isolated portion thereof. However, after defendant was awarded a divorce as aforesaid, August Sanne moved out, but defendant and her minor daughter continued to live in the home, and a son who was of age but attended school in Wayne, also spent weekends in the home. The minor daughter was 19 years old and employed at the time of this hearing, but defendant was in law the head of a family and, under the circumstances presented here, she was entitled to her homestead rights to and interest in the property involved.

The evidence conclusively establishes that such prop-

erty was worth from $4,000 to $4,200. In that connection, at time of this hearing valid liens on the property amounted to at least $2,379.15, in addition to $1,629.65, the balance due on plaintiff's judgment if it were an enforceable lien at that time. However, when the $2,379.15 is added to defendant's homestead exemption of $2,000, to which she was legally entitled, the total would be $4,379.50, which was more than either the value of the property or plaintiff's purported bid of $4,326.41. In other words, as provided by section 40-111, R. R. S. 1943, such a bid, if properly and timely made, which it was not, could not have been received because it did not in any event exceed the amount of defendant's homestead exemption and existing valid liens on the property. However, if a proper bid is timely made for the required amount and same is paid into court, the matter of priority of liens is a question for the court to determine.

As said in Dougherty v. White, 112 Neb. 675, 200 N. W. 884, 36 A. L. R. 425: "It has always been the policy of this court, as well as of courts generally, to give a liberal construction to the homestead law for the purpose of protecting and preserving the home for those who would be benefited by its provisions."

Also, as stated in Phifer v. Miller, 153 Neb. 748, 45 N. W. 2d 907, citing section 40-104, R. R. S. 1943: "It is fundamental, also, that the homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife."

In 26 Am. Jur., Homestead, § 139, p. 89, citing Novotny v. Horecka, 200 Iowa 1217, 206 N. W. 110, 42 A. L. R. 1158, it is said: "Under a statute requiring that an alienation of the homestead property be consented to or joined in by husband and wife, a judgment which has been entered by consent of only one spouse is ineffectual to deprive the other of the right of homestead."

In such cited case, comparable in material respects with that at bar, the court concluded, after citing numerous authorities, that a man cannot by his own act or neglect, deprive his wife of her property rights in the homestead, either by his conveyance or encumbrance, or by permitting a judgment by confession to be rendered against him for his individual debt, and such judgment cannot be made a lien upon his wife's interest in the homestead.

We held in Federal Credit Co. v. Reynolds, 132 Neb. 495, 272 N. W. 397, that: "When a husband and wife have a homestead in property, title to which is in the husband, and the wife is divorced from the husband, the latter may continue to claim a homestead interest in the property." That opinion said, quoting from Dougherty v. White, *supra:* " 'The law is settled that, where a husband and wife reside upon a homestead and the wife dies, the homestead character of the land continues and the surviving husband, although he may have no children or dependents residing with him, may still retain the homestead as such. Palmer v. Sawyer, 74 Neb. 108; Dorrington v. Myers, 11 Neb. 388; Galligher v. Smiley, 28 Neb. 189. The same rule obtains where the marriage relation has been dissolved by decree of court.' " By analogy, of course, when a husband and wife reside upon homestead property and the wife is divorced from the husband but is awarded such property, the wife may continue to claim a homestead interest therein.

In Karls v. Nichols, 148 Neb. 712, 28 N. W. 2d 595, we held that: "A homestead, as defined by statute, once established, is presumed to continue as such, and the burden of proving a waiver, loss, or abandonment thereof, is upon the party asserting such waiver, loss, or abandonment."

In Schroeder v. Ely, 161 Neb. 262, 73 N. W. 2d 172, we held that: "All that the law requires to establish a homestead is that the homestead claimant and his family

reside in the habitation or dwelling house, whatever be its character, on the premises claimed as a homestead.

"Under the homestead law in force in this state a judgment is a lien only on the debtor's interest in lands, impressed with the character of a homestead, in excess of $2,000." See, also, Ehlers v. Campbell, 159 Neb. 328, 66 N. W. 2d 585.

Also, in Connor v. McDonald, 120 Neb. 503, 233 N. W. 894, quoting from Corey v. Plummer, 48 Neb. 481, 67 N. W. 445, this court held: " 'The extent of a homestead is to be determined by the claimant's interest in the land, and not by the fee-simple value of the premises. In determining his homestead interest, valid mortgages and other liens are to be deducted from the value of the land, and not from the $2,000 homestead exemption.' " See, also, Hawley v. Arnold, 137 Neb. 238, 288 N. W. 823; Hoy v. Anderson, 39 Neb. 386, 58 N. W. 125, 42 Am. S. R. 591.

In the light of the evidence and aforesaid authorities which are applicable and controlling here, we conclude that defendant had a homestead interest in the property involved, and that the judgment of the trial court should be and hereby is affirmed except as modified in the manner heretofore ordered with relation to the granting of a permanent injunction. All costs are taxed to plaintiff.

AFFIRMED AS MODIFIED.