In the Matter of Carl L. BARTLETT, Debtor.

Bankruptcy No. BK92–41077.

United States Bankruptcy Court, D. Nebraska.

Jan. 6, 1993.

Peter W. Katt, Lincoln, NE, for debtor, Carl L. Bartlett.

John M. Guthery, Lincoln, NE, for Pinnacle Point Development Co., creditor.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Pinnacle Point Development Co. ("Pinnacle") objects to the Debtor's homestead exemption on the ground that the Debtor, a divorced individual without children, is no longer a "head of family" under Nebraska law and is thus not eligible to claim a homestead exemption. The objection is overruled.

## FACTS

On July 19, 1979, the Debtor purchased a house with his wife, Jeanette Bartlett (now Jeanette Hugelman). However, the Debtor and his wife did not purchase the real property on which the house was situated. Instead, they entered into an agreement to lease the real property for a term ending on August 1, 2027. The Debtor, his wife, and their four minor children resided in the house on the leased property.

On August 25, 1980, the District Court of Lancaster County, Nebraska, entered a divorce decree terminating the Debtor's marriage. Debtor was awarded the house and leasehold interest by the divorce decree, and he has lived on the property continuously since that time. Jeanette Bartlett

was awarded custody of the four minor children. She and the children moved from the property at the time of the divorce.

Sometime after the divorce decree was entered, custody of two of the minor children was changed to the Debtor. These two minor children lived with the Debtor at his home on the leasehold property.

On July 7, 1992, the Debtor filed a Chapter 7 bankruptcy petition. The Debtor claimed his house exempt under Neb.Rev. Stat. §§ 40–101 and 40–102 as a homestead. Pinnacle objected to the Debtor's homestead exemption on the basis that the Debtor was not eligible to claim a homestead under § 40–102 because Debtor was not a "head of family" under § 40–115. At the time the bankruptcy case was commenced, the debtor was single and resided alone on the leasehold property. Although the Debtor's children are now adults, he owes his former spouse delinquent child support and alimony payments.

### DISCUSSION

■■■ Under Nebraska law, a homestead exemption may only be asserted by a married individual or a "head of family". See Neb.Rev.Stat. § 40–102 (Reissue 1988). A "head of family" is an individual who "has residing on the premises with him or her, and under his or her care and maintenance", certain family members designated in that statute. See Neb.Rev.Stat. § 40–115 (Reissue 1988).

The Nebraska Supreme Court has addressed the question whether a divorced individual who lives alone can continue to claim the homestead exemption after his wife and children have left the property. In Dougherty v. White, 112 Neb. 675, 200 N.W. 884 (1924), a divorced husband residing alone was permitted to claim the homestead exemption. However, the husband had previously resided on the property as a homestead with his wife and children. The wife obtained a divorce and was awarded custody of the children. The wife and children moved off the property. The husband remained on the land. The court held that the homestead character of the land and the husband's "head of family" status con-

tinued even after the divorce because the husband was still liable for the support of his minor children. Furthermore, the court noted that the husband had not voluntarily abandoned his homestead interest. The Nebraska Supreme Court has repeatedly held that once a homestead is established, the homestead character of land continues until sale or abandonment. McIntosh v. Borchers, 196 Neb. 109, 241 N.W.2d 534 (1976); Struempler v. Peterson, 190 Neb. 133, 206 N.W.2d 629 (1973); Dorrington v. Meyers, 11 Neb. 388, 9 N.W. 555 (1881). In Dougherty, the court held that the divorced husband residing alone was entitled to claim a homestead exemption. Dougherty, 200 N.W. at 886. See also Federal Credit Co. v. Reynolds, 132 Neb. 495, 272 N.W. 397 (1937); Dorrington v. Meyers, 11 Neb. 388, 9 N.W. 555 (1881).

The Dougherty case leaves open the question whether an individual must be a "head of family" at the time the homestead exemption is claimed. On the facts of the Dougherty case, the divorced husband qualified as a "head of family" at the time the homestead exemption was claimed because he had minor children and was making child support payments. However, other Nebraska Supreme Court cases make clear that a person need not be "head of family" at the time a homestead exemption is asserted. In Palmer v. Sawyer, 74 Neb. 108, 103 N.W. 1088 (1905), the Nebraska Supreme Court held that a widower whose minor children had grown up and moved from the homestead property was still eligible to claim a homestead. Although the widower was "head of family" when the property was purchased, he lived alone on the property at the time the homestead exemption was asserted. The court held that the widower should not be involuntarily divested of his homestead interest once he had qualified for that right. In Palmer, the widower was allowed to assert the homestead exemption even though he was not a "head of family" or making child support payments at the time the exemption was asserted.

■■■ At the time the Nebraska homestead exemption is claimed, it is thus not

necessary for the debtor to be a "head of family". Furthermore, it is not necessary that the debtor be obligated to make child support or alimony payments at the time the homestead exemption is claimed. Once acquired, a homestead interest continues until voluntarily sold or abandoned. *See Palmer v. Sawyer*, 74 Neb. 108, 103 N.W. 1088 (1905).

■ Based on these Nebraska decisions, I conclude that the Debtor in this case is entitled to claim a homestead under §§ 40–102 and 40–115. The homestead property was occupied by the Debtor as a "head of family", his spouse, and children. Upon such occupancy, the homestead character of the land was established. The homestead character of the land did not change when the Debtor was divorced or when his children moved out of the homestead. From the time the homestead was established, the Debtor continuously occupied the land, and it was never sold or abandoned.

The repeal of Neb.Rev.Stat. § 40–117 (repealed 1974) is not relevant to the facts of this case. Under that statute, a wife was given a statutory life estate in homestead property upon the death of her husband. The Nebraska Supreme Court's holdings that land retains its character as a homestead after a divorce were not dependent on Neb.Rev.Stat. § 40–117. The homestead statutes which the Nebraska Supreme Court relied on in *Palmer* and *Dougherty* are substantially the same as the homestead statutes in place today.

■ Neither is it relevant that the home in question is located on leasehold property. The Nebraska Supreme Court has held several times that a homestead can be claimed on leased property. *See Mainelli v. Neuhaus*, 157 Neb. 392, 59 N.W.2d 607 (1953).

■ The homestead character of the Debtor's land was established when the Debtor resided with his wife and children on the property. The homestead character of the land continues even though the Debtor currently lives on the property alone. However, I note that the Debtor may not be permitted to assert the homestead against the claims of his dependents for support. *See Matter of Weaver*, 98 B.R. 497, 501–02 (Bkrtcy.D.Neb.1988); *Best v. Zutavern*, 53 Neb. 604, 74 N.W. 64 (1898).

The objection to exemption by Pinnacle Point Development Co. is hereby overruled.

IT IS SO ORDERED.